**MISSOURI–KANSAS–TEXAS RAILROAD COMPANY, a Corporation, Plaintiff in Error,**

v.

**J. Howard CALLISON and Ella Callison, Defendants in Error.**

No. 39798.

Supreme Court of Oklahoma.

June 11, 1963.

Rehearing Denied July 9, 1963.

Ernest R. Brown, Pryor, Lloyd W. Jones, Denison, Tex., Bonds & Matthews, by A. Camp Bonds, Muskogee, for plaintiff in error.

Creekmore Wallace, Harve N. Langley, Pryor, for defendants in error.

JACKSON, Justice.

In the trial court, plaintiff, Missouri-Kansas-Texas Railroad Company sued the defendants, J. Howard Callison and Ella Callison, in a condemnation action with regard to 4.57 acres of land running through the middle of their 220 acre farm. The land condemned consisted of a strip 75 feet wide and about one-half mile long.

Commissioners appraised the damage to the Callison farm at $4750.00 and Company thereafter demanded a jury trial as provided by law. The jury returned a verdict for the Callisons in the amount of $7500.00, and Company appeals.

Two propositions are urged by Company on appeal. The first is that the verdict of the jury was excessive and appears to have been given under the influence of passion or prejudice.

In this connection, Company readily concedes the general rule to be as stated by this court in Champlin Refining Co. v. Donnell, 173 Okl. 527, 49 P.2d 208, 103 A.L.R. 157, in which we quoted as follows from City of Seattle v. Littell, 55 Wash. 116, 104 P. 133:

"* * * 'An appellate court should hesitate before setting aside the verdict of a jury in a condemnation case, and it will only make such order when it clearly appears that the verdict was unjust and unsupported by any competent evidence. * * *'"

It is well settled that this court will not substitute its judgment for that of the jury in the matter of damages to be awarded for the condemnation of property where the evidence on that issue is conflicting. Ponca City v. Lewis, 177 Okl. 390, 60 P.2d 727. It is not denied that in this case, the evidence on the amount of damages was conflicting.

Under this proposition, the Railroad Company invites our attention to certain testimony of defendant's witnesses, Mr. Callison and Mr. Jackson, and argues that it was inadmissible because incompetent. The record shows that in each case where objection was made by the Company that the testimony of Mr. Callison was incompetent, the objection was sustained, and, when so requested, the court instructed the jury not to consider it.

Mr. Jackson was a real estate man, and was properly qualified as an expert witness with no objection from the Company. The gist of the railroad's objection is that it was shown on redirect and recross examination that Mr. Jackson had no knowledge of any actual sale in the vicinity of the Callison farm. This is not entirely correct. The record shows that Mr. Jackson knew of a sale in the vicinity of the Callison farm within less than a year of the taking in this case. The further fact, shown by the record, that his knowledge of that sale was based in part upon hearsay did not disqualify him as an expert witness, or make his testimony incompetent. See Finley v. Board of County Commissioners, Okl., 291 P.2d 333.

■ Seven witnesses testified in this case on the question of defendants' damages, and without detailing their testimony it is sufficient to say that the testimony of four of them would have justified a higher verdict than the one rendered. Under such circumstances, we cannot say that the verdict was excessive, or that it was rendered under the influence of passion or prejudice.

■ The second proposition is that the Company was denied a fair and impartial trial due to irregularities on the part of the defendants, their attorneys, and the court.

The complaint under this proposition requires an explanation of a rather peculiar set of circumstances. One of the defense attorneys, Mr. Wallace, had recently been elected County Judge; however, he had been retained as counsel in this case prior to his election, and the Company specifically waived any objection it might have had in that regard at a pre-trial conference. It appears from the Company's brief that Mr. Wallace was to assist in the trial of some of the cases at the same jury term at which this case was tried, in the capacity of judge, presumably under the provisions of 22 O.S. 1961 §§ 572. Because of this circumstance, it was agreed at the pre-trial conference that the instant case would be placed first on the docket, in order to avoid any possible prejudice that might result in case the same jurors should first serve in cases in which he acted as judge, and later, in this case, in which he acted as attorney.

Thereafter, this case was called, as per the agreement, at the head of the docket, and trial proceeded to a point where both parties had rested. Defense counsel then moved that this case be dismissed upon the ground that the Company had introduced no evidence as to any effort to acquire the right of way here concerned by purchase prior to trial.

Argument on this motion is not in the record, but the remarks of the court at its conclusion indicate that the Company asked for leave to reopen the case to present further evidence at a later date. Leave to reopen was accordingly given and the case was continued for one week, with proper admonitions to the jury. Company counsel objected, however, to the court's statement that the continuance was "by agreement of the parties".

In this connection the Company argues that at pre-trial conference the issue in this case had by agreement been limited to the question of the amount of defendants' damages, and the record supports this contention. It is said that in view of the pre-trial stipulation it was improper for the defendants to require proof of an effort to acquire the right of way by purchase prior to the filing of this action, and that this improper conduct on their part, and the action of the court, was responsible for the continuance that was granted. The foregoing conduct and action is not assigned as reversible error; however, it is earnestly contended that because of the fact that during the continuance Mr. Wallace served as a special district judge, using jurors from the same panel, plaintiff Company was of necessity denied a fair and impartial trial.

■ The record before us does affirmatively show that in the intervening week, Mr. Wallace served as a special district judge, although it is not denied by defendants. Assuming that he did, the rec-

·ord does not show how many cases he tried, or how many jurors he used, or whether any of the jurors who served in this case also served in cases in which Mr. Wallace acted as judge. On the contrary, Company in its brief states that "it is not known" whether any juror so served, but emphasize that "there is that possibility". After leave to reopen was given, and the ·continuance granted, the Company made no motion for a mistrial, or to strike the case from the jury assignment, and all parties apparently acquiesced in the trial ·court's statement that "I don't think any of you gentlemen want to try it again". In this connection, it is well settled that a litigant may not remain silent and speculate ·on the outcome of the trial, and then complain on appeal. Occidental Pet. Corp. v. Walker, 10 Cir., 289 F.2d 1; Casualty Re- ·ciprocal Exchange v. Sutfin, 196 Okl. 567, 166 P.2d 434. At the end of the one week's continuance, when the case was again called for trial the Company made no objection to proceeding with the trial. The additional ·evidence which they then presented, being on a question of law only, was by agree- ·ment taken *in the absence of the jury*, after ·which the cause was submitted. Closing .argument, if any was had, is not in the record, and it is not alleged in the briefs ·that Mr. Wallace participated therein.

In order to sustain the railroad's argument that it was denied a fair and impartial trial in this case, we would have to *assume* ·that the following things, *none of which is* .shown in the record, are true; that Mr. Wallace did act as special district judge ·during the one week interval; that in the course of so acting he used some of the ·same jurors who served in the instant case, ·or came in such close and improper contact with them as to raise an inference of ·prejudice; and that the prejudice so re- ·sulting was in favor of him and his clients, and not against them.

In its brief, Company cites cases in which the court considered situations where an .attorney or party in an action was charged with "talking to, being friendly with, or entertaining" a juror during the progress of the trial. In each of the cases cited there was affirmative evidence of the wrongdoing complained of. Such is not the case here.

Upon a careful consideration of the entire record herein, we cannot say that the Company was denied a fair and impartial trial, and the second proposition is therefore without merit.

The judgment of the trial court is affirmed.

BLACKBIRD, C. J., HALLEY, V. C. J., and WELCH, DAVISON, JOHNSON, WILLIAMS and IRWIN, JJ., concur.