No. 54,435

In The Matter of the Arbitration Between Johns Construction Co., Inc. and Unified School District No. 210, Hugoton, Kansas.

(664 P.2d 821)

Opinion filed June 10, 1983.

*Paul A. Wolf,* of Brollier & Wolf, of Hugoton, argued the cause and was on the brief for the appellant, Unified School District No. 210.

*Kerry McQueen,* of Neubauer, Nordling, Sharp, McQueen, Dreiling & Morain, P.A., of Liberal, argued the cause, and *Michael P. Dreiling,* of the same firm, was with him on the brief for the appellee, Johns Construction Company.

The opinion of the court was delivered by

PRAGER, J.: This case arose out of a building construction contract between Unified School District No. 210, Hugoton, Kansas, as owner, and Johns Construction Company, Inc., as contractor. A dispute arose as to whether the contractor was entitled to extra compensation because of change orders. The owner claimed offsets for defects and delays in completion of the job. The construction contract specifically provided that all disputes arising under the contract should be decided by arbitration "in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then obtaining unless the parties mutually agree otherwise." In accordance with the agreement, the controversy was submitted to a panel of three arbitrators which determined the claims between the parties. The arbitrators found some items of dispute in favor of the contractor and other items in favor of the school district. The contractor filed a motion in the district court of Stevens County to confirm the award pursuant to K.S.A. 5-411. The school board

moved to vacate the award pursuant to K.S.A. 5-412(*a*)(1), (2), (3), and (4). The district court confirmed the award. The school district has appealed.

The scope of review of a district court in a proceeding to confirm an arbitration award is governed by the Uniform Arbitration Act, K.S.A. 5-401 *et seq.*, as interpreted in *Foley Co. v. Grindsted Products, Inc.*, 233 Kan. 339, 662 P.2d 1254 (1983), and *Evans Electrical Constr. Co. v. University of Kansas Med. Center*, 230 Kan. 298, 634 P.2d 1079 (1981). In *Evans Electrical Constr. Co.*, we stated:

"Where parties have agreed to be bound by a submission to arbitration, errors of law and fact, or an erroneous decision of matters submitted to the judgment of the arbitrators, are insufficient to invalidate an award fairly and honestly made. Nothing in an award relative to the merits of the controversy as submitted, even though incorrectly decided, is ground for setting aside the award in the absence of fraud, misconduct, or other valid objections." Syl. ¶ 5.

The first point raised by the school district on the appeal is that the closing of the hearing to the public by the arbitrators violated the Kansas Open Meetings Act, (K.S.A. 75-4317 *et seq.*), which provides in K.S.A. 1982 Supp. 75-4318 in part as follows:

"(*a*) Except as otherwise provided by state or federal law or by rules of the house or senate, and except with respect to any impeachment inquiry or other impeachment matter referred to any committee of the house of representatives prior to the report of such committee to the full house of representatives, all meetings for the conduct of the affairs of, and the transaction of business by, all legislative and administrative bodies and agencies of the state and political and taxing subdivisions thereof, including boards, commissions, authorities, councils, committees, subcommittees and other subordinate groups thereof, receiving or expending and supported in whole or in part by public funds shall be open to the public and no binding action by such bodies shall be by secret ballot, but any administrative body that is authorized by law to exercise quasi-judicial functions shall not be required to have open meetings when such body is deliberating matters relating to a decision involving such quasi-judicial functions."

The issue squarely presented is whether the Kansas Open Meetings Act applies to proceedings before an arbitration board which is holding a hearing on a dispute arising out of a contract for the construction of a school building. We have no hesitation in holding that it does not. The Kansas Open Meetings Act, by the express language of K.S.A. 1982 Supp. 75-4318(*a*), applies only to agencies of the state and political and taxing subdivisions thereof, receiving or expending and supported in whole or in part by public funds. The arbitration board in this case was

created by a contract entered into between the school district and a private contractor. The arbitration board was not a public agency as contemplated by the statute, and, hence, was not subject to the provisions of the Kansas Open Meetings Act.

The school board's next point is that they were denied a fair hearing because the arbitrators excluded all witnesses from the hearing, including the board's architect in charge of the construction project and its construction manager. The school district maintains that in closing the hearing and applying the exclusion rule, the arbitrators denied the school board and its architect and construction manager due process of law. We find no merit to this contention. By the express terms of the construction contract, the arbitration hearings were to be conducted in accordance with the Construction Industry Arbitration Rules in effect at the time the construction contract was entered into. At that time, Section 25 of the Construction Industry Arbitration Rules provided:

"Section 25. ATTENDANCE AT HEARINGS—Persons having a direct interest in the arbitration are entitled to attend hearings. The arbitrator shall otherwise have the power to require the retirement of any witness or witnesses during the testimony of other witnesses. It shall be discretionary with the arbitrator to determine the propriety of the attendance of any other persons."

Under this section, the arbitrators had the discretionary power to determine the propriety of the attendance of witnesses during the testimony of other witnesses and the school district has no right to complain. A similar discretion is vested in trial courts to exclude witnesses from the courtroom during the taking of testimony of other witnesses. Unless an abuse of discretion is shown, a decision will not be reversed on that ground. Here we find nothing in the record to show an abuse of discretion by the arbitrators.

The school board claims, however, that the arbitrators excluded the school board's expert witness, a licensed architect from Texas, who was employed to aid and assist the school board and also to testify as an expert witness in the case. It should be noted that in this case the arbitrators excluded *all witnesses,* whether those of the school board or those of the contractor. The same rule of exclusion was applied to the witnesses of both parties. Under the circumstances, we cannot say that there was any fraud, misconduct, or improper action on the part of the

arbitrators which denied the school board a fair hearing or due process of law.

The school board's final point is that the contractor used misleading or perjured testimony, because one of its witnesses had previously been convicted of a felony in Seward County, Kansas, and also in the State of Texas. These convictions were brought to the attention of the arbitrators during the course of the hearing for the purpose of impeaching that witness's testimony. The witness in question was construction foreman for the contractor. From the record, it appears that the questions propounded to the witness were ambiguous and do not support the contention that the witness committed perjury. Furthermore, since the witness appeared before the arbitrators at the hearing and they were advised of the prior convictions and had a full opportunity to weigh his testimony and determine his credibility, we find no basis for complaint by the school board.

We have considered all of the points raised by the school board on the appeal. We find that the record supports the district court's judgment and that there was no fraud or arbitrary action or denial of a fair hearing to the school board by the arbitrators. We hold that the district court properly confirmed the arbitration award.

Judgment affirmed.