**Charles David SANDUSKY, Appellant,**

v.

**GRAHAM AND ASSOCIATES, INC.,**
**d/b/a Malarky's, Appellee.**

**No. 67918.**

Court of Appeals of Oklahoma,
Division No. 3.

Nov. 15, 1988.

Richard B. Talley, Talley, Perrine, Smith, & Farrar, Norman, for appellant.

Richard Healy and Marianne Shimanek Ratliff, Cooper, Hiltgen & Healy, Oklahoma City, for appellee.

## MEMORANDUM OPINION

BAILEY, Judge:

Upon consideration of the briefs, exhibits and record in the above styled matter, the Court FINDS:

1. Appellant seeks review of the Trial Court's order denying Appellant's Motion to Set Aside summary judgment previously granted to Appellee. Appellant brought suit against Appellee to recover damages for personal injuries sustained when Appellant was stricken in the face with a glass by an intoxicated patron of Appellee. Appellee answered denying liability.

2. Some discovery was conducted, and on August 12, 1988, Appellee filed its Motion for Summary Judgment. A copy of the motion was mailed to counsel for Appellant, who was out of town at the time. An employee of Appellant's counsel contacted Appellee's counsel, and told Appellee's counsel that Appellant's counsel would not return until August 29, 1988, and Appellee's counsel consented to an extension of time for Appellant to file a response to Appellee's motion for Summary Judgment.

3. Appellant's counsel filed a response and objection to Appellee's Motion for Summary Judgment on September 9, 1988. On September 12, 1988, apparently without notice to Appellant's counsel, hearing was held on Appellee's Motion for Summary Judgment. Appellant and/or Appellant's counsel did not appear at hearing. The Court granted the motion as being deemed confessed by Appellant's failure to timely file an objection under District Court Rule 4, the Court noting Appellant's non-appearance, and also noting that Appellant had filed no request for extension of time to respond.

4. Appellant then filed his Motion to Set Aside the order granting Summary Judgment to Appellee, setting forth counsel's absence, the agreement to allow additional time to respond, the lack of notice of hearing, and requesting that the order granting summary judgment be vacated. The Trial Court found that the parties are not free to extend the response times established by Court Rule, denied Appellant's motion and this appeal ensued.

5. Initially, we note that the Trial Court's reliance on District Court Rule 4, Rules of the District Court, 12 O.S.1985 Supp., Ch. 2, App., relating to motion practice in general, is misplaced. Motions for Summary Judgment are governed by the specific District Court Rule 13. *Spirgis v. Circle K Stores, Inc.,* 743 P.2d 682 (Okl. App.1987) (approved for publication by Supreme Court). As Judge Stubblefield noted:

> [U]nder Rule 13, a party's failure to respond results not in confession of judgment, but in the admission for purpose of summary judgment of "[a]ll material facts set forth in the statement of movant *which are supported by admissible evidence.*" However, the language of Rule 13 also leads us to conclude that a response is not necessary to challenge material facts which are *not* supported by admissible evidence. Thus, if the motion for summary judgment is not well-taken, the failure of the opposing party to respond does not mean that the motion must be granted by the court.
>
> The granting of summary judgment ultimately depends upon a determination by the trial court of whether there is a substantial controversy as to any material fact. Even when no counterstatement had been filed, it is still encumbent upon the trial court to insure that the motion is meritorious.

*Spirgis v. Circle K Stores, Inc.,* 743 P.2d 682, 684, 685. (Emphasis original.)

In the case at bar, we find no ruling by the Trial Court that the motion was, in fact, meritorious, or that the Trial Court examined the record to make a determination thereof.

6. Additionally, Oklahoma statutes require that "written motion[s], ... *and notice of the hearing thereof,* shall be served not later than five (5) days before the time specified for hearing." 12 O.S.1985 Supp. § 2006(C). (Emphasis added.) In the present case, Appellant's counsel apparently received no notice of hearing on Appellee's Motion for Summary Judgment, not-

withstanding Appellant's untimely response and objection to summary judgment. As Judge Brightmire has recognized:

It requires no great intellect to grasp the idea that a summary adjudication deprives one party of a day in court. Consequently the party moved against *should not only be given actual notice [of hearing],* but [also should be given] an ample opportunity to do what he can to protect his rights.... Summary judgment is not to be used as a device by the trial judge to expedite caseload reduction.

*Lewis v. Phillips Petroleum Co.,* 559 P.2d 868, 871 (Okl.App.1977). (Emphasis added.)

7. Oklahoma law views default judgments with disfavor. See, e.g., *Cox v. Williams,* 275 P.2d 248 (Okl.1954); *Yeagley v. Brewer,* 551 P.2d 312 (Okl.1976). Default judgments should be vacated where the ends of justice are better served by allowing a party determination of his case on the merits. *Burroughs v. Bob Martin Corporation,* 536 P.2d 393 (Okl. 1975). Orders denying vacation of default judgments should be reversed where denial of relief results in "serious injustice," evidencing an abuse of discretion. *Hart v. Pharoah,* 359 P.2d 1074 (Okl.1961); *Davidson v. Pickens,* 261 P.2d 872 (Okl.1959).

8. In the case before us, and considering (1) the Trial Court's erroneous reliance on Dist.Ct.Rule 4 in granting summary judgment, essentially by default, and (2) the lack of actual notice of hearing on the Appellee's motion for summary judgment, we believe justice would be better served if the order granting summary judgment was vacated. *Spirgis v. Circle K Stores, Inc.,* supra; *Lewis v. Phillips Petroleum Co.,* supra; *Burroughs v. Bob Martin Corporation,* supra. We therefore hold that the Trial Court abused its discretion in denying Appellant's Motion to Set Aside summary judgment.

Accordingly, the Trial Court's order denying Appellant's Motion to Set Aside summary judgment is REVERSED, and the cause REMANDED for further proceedings not inconsistent with this opinion.

GARRETT, P.J., and REYNOLDS, J., concur.