2001 OK 45

**Andrew HOROWITZ, Plaintiff/Appellee,**

v.

**ALLIANCE HOME HEALTH, INC., now merged into Amedisys, Inc., and Carolyn Salyards, Defendants,**

**and**

**Amedisys, Inc., a Delaware corporation, Intervenor/Appellant.**

**No. 94357.**

Supreme Court of Oklahoma.

May 29, 2001.

Rehearing Denied Sept. 18, 2001.

1. *City National Bank & Trust Co. v. Owens*, 1977 OK 86, 565 P.2d 4.

David H. Sanders, Frank D. Spiegelberg, Tulsa, Oklahoma, for appellee.

Neal Tomlins, Ronald E. Goins, Tomlins & Goins, Tulsa Oklahoma, for appellant.

J. Michael Medina, Tulsa, Oklahoma, for appellant.

HODGES, J.

¶ 1 Certiorari has been granted to review whether the trial court abused its discretion by refusing to grant a motion to vacate a default judgment and entering summary judgment on that motion against the party who sought vacation. This Court holds that the motion to vacate should have been granted. The Court of Civil Appeals opinion holding to the contrary is vacated. The cause is remanded to the district court with instructions to vacate the default judgment.

## FACTS

¶ 2 The Appellee, Andrew Horowitz, was employed by Alliance Home Health, Inc. (Alliance). On March 20, 1998, he filed this lawsuit claiming wrongful termination and slander against Alliance and one of his co-workers.[1] After Horowitz was discharged, but before he filed suit, all common stock in Alliance was purchased by Amedisys, Inc. In his petition, Horowitz named the corporate defendant as "Alliance Home Health, Inc. now merged into Amedisys, Inc." This was also the caption used on the summons which was served on Alliance's service agent. Alliance filed an answer, admitting that it was an Oklahoma corporation conducting business principally in Tulsa, but denied a merger with Amedisys.

¶ 3 In January, 1999, Alliance's counsel moved to withdraw because he had not been paid for his services. In that motion, counsel noted that Alliance had ceased business operations effective January 19, 1999. He also noted that all pleadings should be served on "Michael Lutgring, Esq., Alliance Home

---

1. Horowitz dismissed the action against the co-worker who is not a party to the appeal.

Health, Inc." at an address in Louisiana. Counsel for Horowitz wrote to Lutgring advising that if Lutgring was not admitted to practice in Oklahoma and was not associated with an Oklahoma lawyer that the defendant would be considered in default if an appearance were not made. Lutgring responded stating that he was not licensed in Oklahoma and that Alliance would not be hiring another lawyer as it had ceased operations. Lutgring also stated that Alliance had not merged with Amedisys.

¶ 4 An order setting a scheduling conference for March 12, 1999, was sent to Lutgring. When only counsel for Horowitz appeared, the trial court entered default judgment as to liability against "Alliance Home Health, Inc., now merged into Amedisys, Inc." The trial court ordered a hearing for March 24, 1999, on the issue of damages. A copy of the order was sent to Lutgring. When no one appeared for Alliance, the trial court entered default judgment for $249,703.50 in compensatory damages and an equal amount in punitive damages against "Alliance Home Health, Inc. now merged into Amedisys, Inc." No appeal was filed from the judgment.

¶ 5 On April 21, 1999, Amedisys petitioned to intervene and moved to vacate the judgment, arguing that there had been no merger between Alliance and Amedisys, that Amedisys had not been named as a defendant, and that Amedisys had not been served with process. Horowitz moved for summary judgment on Amedisys' motion to vacate arguing that Amedisys had always been a party to the action and had notice of the action. It

further argued that there was a question of fact as to whether Amedisys controlled Alliance and whether Alliance had elected to have default judgment taken against it.

¶ 6 The trial court allowed Amedisys to intervene. It then granted Horowitz's motion for summary judgment, denied Amedisys' motion to vacate, and directed that the defendant be changed in the caption from "Alliance Home Health, Inc., now merged into Amedisys, Inc." to "Amedisys, Inc., a Delaware corporation, successor to Alliance Home Health, Inc. who ceased doing business on January 19, 1999."

¶ 7 Amedisys appealed and the Court of Civil Appeals affirmed. The Court of Civil Appeals noted that the appeal was untimely to challenge the default judgment and addressed the trial court's decision not to vacate. It held that Horowitz's petition naming Alliance as merged into Amedisys made Amedisys aware that it was a defendant and that "the trial court's order sent to Amedisys prior to judgment reflected the merger allegation in the caption." It concluded that service of process on Alliance was legally sufficient for service on Amedisys.

## ANALYSIS

¶ 8 As the Court of Civil Appeals noted, the time to appeal the default judgment had run. Therefore, this Court's review is limited to the issue of whether the default judgment should have been vacated.

¶ 9 Amedisys' motion comes under the provisions of title 12, section 1031.1, of the Oklahoma Statutes[2] which codifies the

---

2. The statutory authority for vacation provides:

The district court shall have power to vacate or modify its own judgments or orders within the times prescribed hereafter:

1. By granting a new trial for the cause, within the time and in the manner prescribed in Sections 651 through 655 of this title;

2. As authorized in subsection C of Section 2004 of this title where the defendant had no actual notice of the pendency of the action at the time of the filing of the judgment or order;

3. For mistake, neglect, or omission of the clerk or *irregularity in obtaining a judgment* or order;

4. For fraud, practiced by the successful party, in obtaining a judgment or order;

5. For erroneous proceedings against an infant, or a person of unsound mind, where the condition of such defendant does not appear in the record, nor the error in the proceedings;

6. For the death of one of the parties before the judgment in the action;

7. For unavoidable casualty or misfortune, preventing the party from prosecuting or defending;

8. For errors in a judgment, shown by an infant in twelve (12) months after arriving at full age, as prescribed in Section 700 of this title; or

9. For taking judgments upon warrants of attorney for more than was due to the plaintiff, when the defendant was not summoned or

trial court's common law term-time power to vacate its judgment. *Schepp v. Hess,* 770 P.2d 34 (Okla.1989). The test for measuring such a determination is "whether sound discretion was exercised." *Id.* at 38. This Court recently listed the policy considerations underlying a decision vacating on rehearing to vacate a default judgment:

> In previous cases reviewing a trial court's ruling either vacating or refusing to vacate a default judgment, we have considered the following: 1) default judgments are not favored; 2) vacation of a default judgment is different from vacation of a judgment where the parties have had at least an opportunity to be heard on the merits; 3) judicial discretion to vacate a default judgment should always be exercised so as to promote the ends of justice; 4) a much stronger showing of abuse of discretion must be made where a judgment has been set aside than where it has not. See, *Midkiff v. Luckey,* 1966 OK 49, 412 P.2d 175. We also consider whether substantial hardship would result from granting or refusing to grant the motion to vacate. See, *Burroughs v. Bob Martin Corporation,* 1975 OK 80, 536 P.2d 339, *Hamburger v. Fry,* 1958 OK 287, 338 P.2d 1088 and *Latson v. Eaton,* 1957 OK 105, 311 P.2d 231.

*Ferguson Enters., Inc. v. Webb Enters., Inc.,* 2000 OK 78 at ¶ 5, 13 P.3d 480. Guided by these considerations, this Court concludes that the judgment entered in this matter suffered from at least two post-appearance irregularities which required vacation. First, the requirement of title 12, section 2004(b)(2) were not met. Second, summary judgment was granted on a post-judgment matter in contravention of *Patel v. OMH Medical Center, Inc.,* 1999 Ok 33, 987 P.2d 1185.

### Section 2004(b)(2)

¶ 10 Section 2004 provides in part:

> A judgment by default shall not be different in kind from or exceed in amount that prayed for in either the demand for judgment or in cases not sounding in contract in a notice which has been given the party against whom default judgment is sought. Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his or her pleadings.

In this matter, Horowitz asserted a tort claim. Pursuant to section 2008(A)(2)[3] of title 12, he alleged damages in excess of ten thousand dollars. No notice was sent setting forth the amount of damages sought. Also, no specific itemization of damages was contained in the order setting the matter for the March 24, 1999, hearing on damages. Therefore, the judgment must be vacated.

### Summary Judgment

¶ 11 Another reason why the judgment must be vacated is that the summary judgment procedure was improperly utilized in defeating the motion to vacate. In *Patel,* 1999 OK 33 at ¶ 18, 987 P.2d 1185, this Court stated that "because a vacation proceeding is a statute-governed procedure to determine post-judgment issues, summary adjudication process cannot be utilized to decide the matters in contest." Thus, under *Patel,* summary judgment was unavailable to Horowitz in resisting the motion to vacate. Because the trial court must now vacate its default judgment no discussion of other grounds for vacation need be addressed.

### CERTIORARI PREVIOUSLY GRANTED, OPINION OF COURT OF CIVIL AP-

otherwise legally notified of the time and place of taking such judgment.
Okla.Stat. tit. 12, § 1031 (Supp.1999). (emphasis added).

**3.** The general rules of pleading require that a claim for relief shall contain:
> A demand for judgment for the relief to which he deems himself entitled. Every pleading demanding relief for damages in money in excess of Ten Thousand Dollars ($10,000.00) shall, without demanding any specific amount of money, set forth only that the amount sought as damages is in excess of Ten Thousand Dollars ($10,000.00), except in actions sounding in contract. Every pleading demanding relief for damages in money in an amount of Ten Thousand Dollars ($10,000.00) or less shall specify the amount of such damages sought to be recovered.
Okla.Stat. tit. 12, § 2008(A)(2) (1991).

PEALS VACATED, CAUSE REMANDED TO DISTRICT COURT WITH INSTRUCTIONS TO VACATE DEFAULT JUDGMENT.

¶ 12 WATT, V.C.J., OPALA, KAUGER, BOUDREAU, WINCHESTER, JJ., concur.

¶ 13 HARGRAVE, C.J., LAVENDER, SUMMERS, JJ., concur in result.