2002 OK 99

**C & L ENTERPRISES, INC.,**
Plaintiff–Appellee,

v.

**CITIZEN BAND POTAWATOMI
TRIBE OF OKLAHOMA,**
Defendant–Appellant.

No. 86,568.

Supreme Court of Oklahoma.

Dec. 17, 2002.

Rehearing Denied April 21, 2003.

Citizen Band Potawatomi Tribe, Appears *Pro se*.

John Mashburn, James Carlton Jr., Garvin, Agee, Carlton, & Mashburn, Oklahoma City, OK, for Plaintiff–Appellee.

## OPINION

WATT, Vice Chief Justice.

¶ 1 This appeal arises out of a roofing contract entered into in 1993 between plaintiff contractor, C & L Enterprises, Inc., and defendant, Citizen Potawatomi Tribe of Oklahoma. The roofing contract provided that any dispute between the parties would be resolved by arbitration. The contract also provided that construction was not to begin until "notice to proceed" was issued by the Tribe. The Tribe never issued a notice to proceed but, instead, re-let the contract to a new bidder using different specifications. In 1995, the contractor commenced the arbitration process based on its claim that the Tribe had breached the contract. The Tribe declined to participate in arbitration on the merits but did write letters to the American Arbitration Association, which was handling the arbitration. The Tribe claimed that the Tribe was not subject to the arbitration provision of the roofing contract because it was a sovereign Indian tribe and, therefore, immune from suit.

¶ 2 On June 30, 1995, the arbitrator awarded the contractor $25,400.00 in damages. The arbitrator also awarded the contractor attorneys' fees of $2,230.00, although the contract did not provide for such fees and the arbitrator's award did not explain why the arbitrator had awarded attorneys' fees.

¶ 3 The contractor brought suit in the District Court of Oklahoma County to confirm the arbitrator's award on August 7, 1995. The Tribe moved to dismiss the contractor's suit on the same grounds it had presented during the arbitration proceeding, tribal immunity, but the trial court denied its motion. Once again, the Tribe declined to participate on the merits and the trial court entered judgment confirming the arbitrator's award, plus "a reasonable attorneys' fee to be determined upon the application of plaintiff." The trial court's judgment did not state its grounds for ordering attorneys' fees.

¶ 4 The Tribe appealed the district court's judgment confirming the arbitration award, including the attorneys' fee award. The opinion of the Court of Civil Appeals before us today is the third opinion to be promulgated in this matter, although no mandate has ever been sent to the trial court. The first Court of Civil Appeals opinion, filed November 5, 1996, affirmed the trial court. That opinion was vacated and the matter remanded by the United States Supreme Court for further consideration of the issue of the Tribe's immunity by judgment dated June 1, 1998. We had granted the contractor's motion for appeal related attorneys' fees on January 27, 1997. Nevertheless, neither our order nor the Court of Civil Appeals' opinion ever became final, as we granted the Tribe's

motion to stay the effectiveness of the mandate after the United States Supreme Court granted certiorari. We withdrew the mandate to the first Court of Civil Appeals opinion after the United States Supreme Court reversed that opinion.

¶5 The second Court of Civil Appeals opinion, dated February 8, 2000, reversed the trial court judgment and held for the Tribe on the ground that the Tribe had not waived its sovereign immunity from suit. We denied certiorari and issued a mandate to the second Court of Civil Appeals opinion, which, had it become final, would have reversed the trial court judgment and held for the Tribe on all counts, including the attorneys' fees issue. We stayed the effectiveness of our mandate to the second Court of Civil Appeals opinion, however, because the United States Supreme Court again granted certiorari. On April 30, 2001, the United States Supreme Court reversed the judgment and remanded the matter, based on its finding that the Tribe had waived its sovereign immunity when the Tribe consented to arbitration under the terms of its contract with the contractor. We withdrew our mandate to the second Court of Civil Appeals opinion after the United States Supreme Court reversed the judgment.

¶6 After the second reversal by the United States Supreme Court, the Court of Civil Appeals issued a third opinion, which affirmed the trial court's judgment, including attorneys' fees. We granted certiorari to the third Court of Civil Appeals opinion on April 29, 2002. As indicated, the mandates to the two earlier Court of Civil Appeals opinions were both withdrawn. Thus, neither opinion became final.

¶7 The Tribe complained about the attorneys' fee award in its opening appellate brief, filed in May 1996, but it did not urge the inapplicability of 12 O.S. § 936. For the reasons set out in this opinion, we hold that the record reflects that the contractor is not entitled to attorneys' fees under § 936, or on any other basis, because the contractor did not furnish "labor or materials" for which it had not been paid and the contract did not provide for attorneys' fees. The contractor moved for attorneys' fees on November 19,

2001, following the Court of Civil Appeals' third opinion. On December 4, 2001 the Tribe filed a response in which it did urge that the contractor's failure to have actually furnished labor or materials for which it had not been paid made § 936 inapplicable.

## ISSUES

¶8 Two issues are presented here:

### I.

Does the Tribe have a due process right to have this matter remanded to the trial court to allow the Tribe to present evidence in support of its claim that a "valid contract" did not exist between the parties?

### II.

Has the Tribe lost its right to claim that the contractor is not entitled to attorneys' fees under § 936 because the Tribe is prohibited from doing so under the "law of the case" doctrine?

We answer "no" to both Issues.

## DISCUSSION

### I.

¶9 The Tribe claims that the arbitration award was entered by "default." Thus, argues the Tribe, it is entitled to have the matter remanded to the trial court for the purpose of allowing it to present evidence. We disagree, because neither the arbitration award nor the district court proceeding in which the arbitration award was confirmed was entered by default. The Tribe responded in writing to the contractor's demand for arbitration and asserted two defenses, the same defenses they raise here: (1) that the contract was not valid because it had not been approved pursuant to 25 U.S.C. § 81; and (2) that the contract was not binding on the Tribe because it had not been signed "with appropriate authorization under the Potawatomi Constitution." The Tribe, however, made a considered decision not to participate in the trial on the merits either in the arbitration or in the confirmation proceeding. Further, the record establishes that the con-

tractor was required by the arbitrator to establish its claim through the submission of evidence, as mandated by the arbitration rules, and did so. Thus, it is clear that the Tribe did not have judgment entered against it "by default."

¶ 10 The Tribe claims that the contractor was improperly allowed to rely on inadequate proof in support of the contractor's contention that there was no "valid contract." In support of this claim the Tribe claims that it was denied its right to due process and relies on *Eagle–Picher Mining & Smelting Co. v. Layton*, 1938 OK 222, 77 P.2d 1137; *Clark v. Board of Education*, 2001 OK 56 ¶ 8, 32 P.3d 851; *Shamblin v. Beasley*, 1998 OK 88, 967 P.2d 1200; *Cate v. Archon Oil Company, Inc.*, 1985 OK 15, 695 P.2d 1352; *Mathews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976); *Shaffer v. Jeffery*, 1996 OK 47, 915 P.2d 910; *Burroughs v. Bob Martin Corporation*, 1975 OK 80, 536 P.2d 339; and *Sandusky v. Graham and Associates, Inc.*, 1988 OK CIV APP 14, 766 P.2d 370.

¶ 11 The foregoing cases do not support the Tribe's claim that it was deprived of its right to due process, as none of the cited cases involved a procedural situation at all similar to that presented here. For example, in *Eagle–Picher* this Court reversed a jury verdict because of an erroneous instruction that placed the burden of proof on the defendant rather than the plaintiff. Further, the defendant fully participated in the trial. Thus, we fail to see the relevance of *Eagle–Picher* to this appeal.

¶ 12 Similarly, *Clark, Shamblin, Cate, Mathews, Shaffer, Burroughs,* and *Sandusky* fail to support the Tribe's position. In *Clark,* we reversed the trial court for having failed to give the plaintiff an opportunity to have her motion to disqualify the trial judge heard and decided. In *Shamblin,* there was no hearing only because the trial court granted summary judgment, not because a party declined to participate. In *Cate,* we reversed an order confirming a sheriff's sale of an oil and gas lease because the only notice given to the owner of the lease had been by publication rather than by mail. In *Mathews,* the U.S. Supreme Court held that a recipient of Social Security disability benefits, whose benefits had been terminated, had no constitutional right to a hearing as a prerequisite to the termination of his benefits. In *Shaffer,* the trial court's judgment was reversed because it dismissed plaintiff's petition, rather than treating it as a motion to compel arbitration. In *Burroughs,* a trial court order setting aside default judgment on the ground that defendant had been prevented from appearing and defending due to "unavoidable casualty and misfortune" was affirmed. Finally, in *Sandusky,* the court reversed a summary judgment, which the trial court had granted after holding a hearing, although the appellant had not been given notice of the hearing.

¶ 13 It is clear that none of the foregoing cases involved a situation similar to the pivotal issue here: whether the decision of the Tribe not to participate on the merits nevertheless deprived it its right to present a defense. Because the Tribe was given a right to present evidence both before the arbitrator and in the trial court but voluntarily declined to do so, we hold that neither the arbitrator's award nor the trial court's judgment confirming the award can be said to have been entered by "default."

¶ 14 We are buttressed in our conclusion because the Tribe has not convincingly demonstrated that the contract was invalid. The Tribe argues generally that the contractor's petition created an "ambiguity" as to whether the contract with the Tribe was valid under federal law and whether the Tribe officials who signed it had "apparent authority" to do so. We find this argument unconvincing for two reasons: First, the Tribe does not dispute either the terms of the contract or that Tribe officials executed it. Hence, the contractor's proof of the contract made a *prima facie* case that the contract was valid. Second, the Tribe has not called to our attention any specific facts, which, even if it was given the opportunity to prove them, would relieve it of liability under the contract's terms.

¶ 15 The Tribe voluntarily declined to present evidence in its defense either before the arbitrator or in the trial court. Further, the Tribe has not convincingly demonstrated that, even if it were allowed to present proof of the invalidity of the contract, it would be entitled to prevail on the issue. For these

reasons we hold that the Tribe has no right, at this late date, to present evidence disputing the validity of the contract.

## II.

■ ¶ 16 The Tribe claims that it should be relieved of the obligation to pay the contractor's attorneys' fees because such fees are not authorized under 12 O.S.2001 § 936.[1] We agree. It is undisputed that the contractor furnished neither labor nor services because of the Tribe's repudiation of the contract. In *Russell v. Flanagan*, 1975 OK 173, 544 P.2d 510, we held that § 936 authorizes attorneys' fees to the prevailing party in a suit on a contract for labor or services *only where the plaintiff actually performed labor or furnished services.* We have followed *Russell* in many cases. See, for example, *Ferrell Construction Co., Inc. v. Russell Creek Coal Co.*, 1982 OK 24, 645 P.2d 1005; *Kay v. Venezuelan Sun Oil Co.*, 1991 OK 16, 806 P.2d 648, and the additional cases cited for the proposition in *Kay*.

¶ 17 In its answer to the contractor's petition for certiorari, the contractor does not resist the Tribe's argument that § 936 does not authorize the award of attorneys' fees where, as here, the prevailing party performed no labor or services. Instead, the contractor urges us to ignore the inapplicability of § 936 because the Tribe failed to raise the issue in the trial court, or on appeal until after the third Court of Civil Appeals opinion was filed. Contractor claims that the affirmation of the attorneys' fee award in the first Court of Civil Appeals opinion and our order granting appeal related attorneys' fees bars the Tribe from asserting that such fees are not authorized under § 936 under the "law of the case" doctrine. We disagree.

¶ 18 The contractor relies on *Morrow Development Corp. v. American Bank and Trust Co.*, 1994 OK 26, 875 P.2d 411 for the proposition that the "law of the case" doctrine bars the Tribe from relying on the inapplicability of § 936. In *Morrow* the plaintiffs failed to appeal from a jury's reso-

lution of a disputed fact issue, that plaintiffs had entered into a valid contract for a deed in lieu of foreclosure with defendant bank. We held that plaintiffs' failure to appeal on this score barred them, under the "law of the case" doctrine, from asserting a right to tort damages against the bank. We so held because the law bars any actions brought against a party to enforce its rights under a valid settlement contract.

■ ¶ 19 Here, in contrast to *Morrow*, the undisputed facts show that the contractor was not entitled to the relief the trial court granted it, an attorneys' fee under § 936. Nevertheless, the contractor urges that the Tribe should have no right to defend against the contractor's § 936 attorneys' fee claim, although the contractor is clearly not entitled to such a fee under applicable law. Further, the Tribe did resist the contractor's attorneys' fee claim (although not on the ground that § 936 did not apply) and the Court of Civil Appeals' opinions and this Court's orders awarding the contractor attorneys' fees *never became final.* Because of the lack of finality of the opinions and the orders the contractor relies on, the "law of the case" doctrine does not apply. Not until a *final* mandate stemming from appellate opinion and orders is issued and that mandate is spread of record does the "law of the case" apply. See *Pyle v. Pennington Grocery Co.*, 1940 OK 176 ¶ 0, 101 P.2d 847, in which the syllabus by the Court provided:

Where a cause has been presented to the trial court and the issues therein determined, and an appeal has been prosecuted to the Supreme Court and the mandate issued determining the controversy, it is the duty of the trial court to spread the mandate of record. *When the mandate has been spread of record in accordance with the directions of the opinion, the law on appeal becomes the law of the case in all subsequent stages,* and where the opinion has fully determined all of the issues presented in the trial of the cause and judgment has been entered in accordance

---

1. Title 12 O.S.2001 § 936 provides:

In any civil action to recover on an open account, a statement of account, account stated, note, bill, negotiable instrument, or contract relating to the purchase or sale of goods, wares, or merchandise, or for labor or services, unless otherwise provided by law or the contract which is the subject to the action, the prevailing party shall be allowed a reasonable attorney fee to be set by the court, to be taxed and collected as costs.

with the opinion, there is nothing further to litigate, and the appeal from the order spreading the mandate of record will be dismissed.

[Emphasis added.]

¶20 Even in cases in which a *final* mandate has issued and been spread of record, we have recognized that the law of the case doctrine may not be applied if,

> ... the Court is satisfied that gross or manifest injustice has been done, or that the mischief to be cured far outweighs any injury that may be done by overruling the prior opinion.

*Cavett v. Peterson*, 1984 OK 59 ¶14, 688 P.2d 52, quoting with approval, *Severson v. Roberts*, 1946 OK 94 ¶6, 168 P.2d 615. We hold that this is such a case. As discussed above, our jurisprudence stands for the proposition that attorneys' fees are not allowable under 12 O.S. § 936 where, as here, no labor or materials have been furnished under a contract for labor or materials.[2]

¶21 We conclude that to use the law of the case doctrine to impose attorneys' fees on the Tribe here, where they are clearly not authorized by law, would perpetrate a "gross or manifest injustice." *Cavett v. Peterson*, 1984 OK 59 at ¶14, 688 P.2d 52. We are buttressed in our conclusion by the fact that the attorneys' fee issue was an adjunct to the bitterly fought sovereign immunity issue, which has only now been finally decided. The contractor has demonstrated no prejudice resulting from the Tribe's failure to properly frame its defense to the attorneys' fee issue at an earlier time. Attorneys' fees follow only from a final judgment and the judgment upon which the contractor relies to support attorneys' fees is not yet final. Thus, only now are attorneys' fees the pivotal issue in the case.

## CONCLUSION

¶22 The Tribe voluntarily declined to present evidence in its defense on the merits of its liability under the construction contract, either before the arbitrator or in the trial court. The Tribe has not convincingly demonstrated that, even if it were allowed to present proof of the invalidity of the contract, it would be entitled to prevail on the issue. Thus, the Tribe has no right, at this late date, to present evidence disputing the validity of the contract.

¶23 The "law of the case" doctrine is inapplicable here, as there was never a final *enforceable* judgment spread of record below, as evidenced by a mandate from this Court. Further, Oklahoma law clearly prohibits an award of attorneys' fees under 12 O.S.2001 § 936 for nonpayment under a contract for labor or services where, as here, no labor or services were actually furnished under the contract. The contractor has shown no prejudice arising from the Tribe's failure to raise its § 936 defense at an earlier time. Under the circumstances, to allow the contractor § 936 attorneys' fees would do "gross or manifest injustice" to the Tribe's rights.

CERTIORARI PREVIOUSLY GRANTED, COURT OF CIVIL APPEALS' OPINION VACATED, JUDGMENT AFFIRMED IN PART AND REVERSED IN PART.

HARGRAVE, C.J., HODGES, LAVENDER, KAUGER, SUMMERS, BOUDREAU, JJ., concur.

WINCHESTER, J., concurs in Part I; dissents from Part II.

OPALA, J., dissents.

WINCHESTER, J., dissenting.

¶1 I dissent insofar as the majority reverses the trial court's award of an attorney fee. No contemporaneous objection was made in the trial court, and the error was not preserved for appellate review. *Missouri–Kansas–Texas Railroad Co. v. Callison*, 1963 OK 145, 383 P.2d 696.

---

2. It is undisputed that the contractor did no work under the terms of the roofing contract. The contractor claims, however, (without citation of supporting authority) that it should be relieved of the application of the rule that attorneys' fees are not awardable under § 936 because it had expended labor and expense in preparation for commencing the contract. We find the contractor's argument on this score unconvincing, as the labor and expenses the contractor incurred in preparing to execute the contract were expended for the contractor's benefit and did not directly benefit the Tribe. These preliminary expenses were clearly not compensable under the contract and so do not create a right to attorneys' fees under that contract.

OPALA, J., dissenting.

¶ 1 The court today (a) *denies* the Citizen Band Potawatomi Tribe of Oklahoma (Tribe) the opportunity for a postremand attack upon the validity of its arbitration contract with C & L Enterprises (contractor) and (b) *remands* the cause for an inquiry into the Tribe's certiorari challenge to the counsel-fee award.

¶ 2 I cannot accede to the court's pronouncement. The *sine qua non* predicate for the relief the Tribe seeks on certiorari is a *compulsory district-court counterclaim* (to the contractor's demand for the arbitration award's confirmation) for statutory relief from the arbitrator's decision. That relief, which was available, is described as (1) vacation, (2) modification and (3) correction.[1] Because the Tribe at nisi prius attacked neither the arbitration contract nor the validity of the process leading to the arbitral award, the trial judge correctly concluded as a matter of law that (a) a confirmation judgment on the arbitration award was the contractor's due and (b) no legal impediment stood posed to a contract-based assessment against the Tribe of an attorney's fee for legal services rendered for the contractor in the district court. I would hence *affirm* the trial court's judgment confirming the arbitration award (as well as the counsel-fee component of that adjudication). But I would (1) *reverse* the district court's postjudgment counsel-fee award (entered upon the Tribe's default for want of appearance and for lack of any responsive pleading) for legal services rendered before that court because that reversal is mandated by *nisi prius failure to hold an evidentiary hearing* to inquire (a) into the *nexus, if any there was, between services rendered for the contractor in other cases* and *their legal necessity to secure the trial court's confirmation judgment* and (b) into the nature and value of the services and (2) *remand* the cause *solely* for re-examination of the *quantum* to be awarded against the Tribe for the reasonable value of legal ser-

vices (in this and other cases) necessary to secure the confirmation judgment.[2]

# I

## THE ANATOMY OF LITIGATION

¶ 3 The contractor obtained an arbitration award against the Tribe. One of this award's components is a counsel fee to the victorious party. The contractor then brought a district-court suit for confirmation judgment upon the arbitration decision. The *sole challenge to the contractor's confirmation quest* was the Tribe's dismissal motion rested on its claim to federal-law immunity from civil liability. The district court *confirmed the entire arbitration award.* In postjudgment proceedings the court assessed a counsel fee in favor of the contractor for its legal services incident to confirmation. The Tribe appealed from both (1) the confirmation judgment and (2) the postjudgment counsel-fee award (for district-court services). Earlier in this litigation the U.S. Supreme Court had vacated two Court of Civil Appeals' (COCA) opinions in this disputed case. Its last pronouncement holds that the Tribe did indeed waive its governmental immunity by entering into an arbitration contract. COCA's (third) opinion now on review affirmed the trial court's confirmation judgment in its entirety as well as the attorney's fee assessed by the district court. Certiorari was granted on the Tribe's petition.

# II

## THE *SINE QUA NON* PREREQUISITE FOR ANY RELIEF FROM THE ARBITRATION AWARD AND FROM ITS ATTORNEY'S–FEE COMPONENT IS BY COMPULSORY COUNTERCLAIM IN THE DISTRICT COURT FOR A STATUTORY REMEDY OF MODIFICATION, CORRECTION OR VACATION OF THE ARBITRAL DECISION

¶ 4 The trial court's authority to review an arbitral award is strictly circumscribed by

---

1. *See* the Oklahoma Uniform Arbitration Act, 15 O.S.2001 §§ 809, 811, 812, 813, *infra* note 4.

2. The Court of Civil Appeals granted the contractor's motion for appeal-related counsel fee and

costs. Since the cause must be remanded for reassessment of the *counsel-fee quantum* due for services in the district court, I would vacate that COCA order and defer its consideration.

the terms of the Oklahoma Uniform Arbitration Act.[3] Its terms authorize judicial vacation, modification or correction of an arbitration decision upon a claim (or compulsory counterclaim) in the district court. In the absence of a timely *sine qua non* plea for relief by the Tribe, the plain statutory language inexorably commands that the court confirm the award.[4]

### The Arbitrator's Award and Allowance of Counsel Fee

¶ 5 A counterclaim to vacate, modify or correct the award (or the award's counsel-fee component) was the only authorized pleading by which the Tribe could avoid the contractor's plea for the confirmation judgment and the nisi prius counsel-fee award for district court-related legal services. The Tribe *forever lost its opportunity* for the relief it now seeks on certiorari by not pressing below a

statutory counterclaim. That claim is compulsory[5] and it is now much too late to press it in the course of corrective proceedings on review.

### The Award of Additional Counsel Fee For Services in the District Court

¶ 6 The Tribe's failure to attack the validity of the arbitration award's counsel-fee component required the trial judge's conclusion—as a matter of law—that the arbitration contract's terms were sufficiently broad to include, at the confirmation stage, a further allowance for services in the district-court proceedings. In the absence of the Tribe's *sine qua non* counterclaim the trial judge could correctly conclude that the arbitration contract posed no legal impediment either to the *confirmation judgment* or to a further *assessment* of a counsel-fee award for legal services in the district court.

---

**3.** 15 O.S.Supp.2001 § 801 et seq. When a contract contains an agreement to settle disputes by arbitration, the trial court's power to review the arbitration award is limited to that provided by the terms of the Oklahoma Arbitration Act. For a similar statutory circumscription in other states see *Johns Const. Co., Inc. v. Unified Sch. Dist. No. 210*, 233 Kan. 527, 664 P.2d 821, 822 (1983) (the Kansas Uniform Arbitration Act governs the district court's scope of review in an arbitration award confirmation proceeding); *Carolina Virginia Fashion Exhibitors, Inc. v. Gunter*, 41 N.C.App. 407, 255 S.E.2d 414, 418 (1979) (district-court review of an arbitration award is limited to the specific statutory grounds advanced); *Anthony v. Kaplan*, 324 Ark. 52, 918 S.W.2d 174, 177 (1996) (judicial review of an arbitration award is limited to vacation upon statutory grounds); *Barnstead v. Ridder*, 39 Mass.App.Ct. 934, 659 N.E.2d 753, 756 (1996) ("[a] matter submitted to arbitration is subject to a very narrow scope of review").

**4.** The terms of 15 O.S.2001 §§ 809 and 811(E) provide: "Upon application of a party to the agreement, the court *shall confirm an award,* unless within the time limits imposed herein grounds are urged for *vacating* or *modifying* or *correcting* the award, in which case the court shall proceed as provided in Sections 12 and 13 of this act." (emphasis added).
The terms of 15 O.S.2001 § 812 prescribe the grounds upon which an arbitration award may be vacated. The terms of subsection § 812(E) provide: "If the application to vacate is denied and no motion to *modify* or *correct* the award is

pending, the court shall confirm the award." (emphasis added).
The terms of 15 O.S.2001 § 813 prescribe the grounds upon which an arbitration award may be modified or corrected. The terms of subsection § 813(D) provide: "Upon the granting of an order **confirming, modifying** or **correcting** an award, a judgment or decree shall be entered in conformity therewith and be enforced as any other judgment or decree. Costs of the application and of the proceedings subsequent thereto, and disbursements, may be awarded by the court." (emphasis added).

**5.** Failure to plead a compulsory counterclaim prevents a party from bringing a later action on that claim. *Oklahoma Gas & Elec. Co. v. District Court, Fifteenth Judicial Dist., Cherokee County*, 1989 OK 158, ¶ 10, 784 P.2d 61, 64. The Committee Comments to Oklahoma's compulsory counterclaim statute, 12 O.S.Supp.2001 § 2013, recognize this general rule. Section 2013(A) specifies two predicates which define a compulsory counterclaim: (1) a "claim" and (2) the claim must arise out of the "same transaction or occurrence." The pertinent provisions of § 2013(A) are:

A. COMPULSORY COUNTERCLAIMS. A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction....

## III

**THIS CAUSE SHOULD BE REMANDED FOR RE-EXAMINATION OF THE QUANTUM OF COUNSEL FEE TO BE AWARDED FOR SERVICES PERFORMED IN THE DISTRICT COURT**

¶7 The Tribe's appellate and certiorari briefs argue that the trial court erred in its counsel-fee assessment of the services' value for the district-court work. According to the Tribe, a major portion of the claimed fee is for services in (state and federal) litigation conducted *dehors* this case, including one in which a counsel-fee quest was denied. The Tribe also urges that no proof was adduced for the quantum of the trial court's post-judgment counsel-fee allowance.

¶8 The counsel-fee award for services rendered in the district court was entered upon default. The Tribe neither responded to the contractor's fee quest nor appeared at the postjudgment hearing. There is no recitation in the postjudgment order of *an evidentiary hearing* and of adduced proof showing that counsel's appearance in the other cases (for which a fee also was sought to be awarded) was absolutely necessary to protect the contractor's confirmation of the arbitration award here in contest.[6] The contractor's district-court application for a counsel fee appears to be supported solely by an attachment that details the attorney's time sheets. It facially demonstrates that an appreciable part of legal services to be compensated was rendered *dehors* the confirmation case.

¶9 One's quest for counsel-fee allowance must be rested upon and supported by evidence tendered in a hearing[7] in which the *facts* and *computation* methods upon which the trial court is to rest its determination stand unfolded with a high degree of specificity.[8] Because the counsel-fee award in contest here was entered upon the Tribe's default and there is no record trail of any nexus shown between the services performed in other cases and their legal necessity for securing the arbitral award's confirmation, I would reverse the district court's post-judgment counsel-fee award and remand the cause for re-examination of **the quantum of counsel fee to be awarded** for services that relate to the district-court confirmation action.[9]

## IV

### SUMMARY

¶10 The Tribe failed to demonstrate that at nisi prius it invoked the *sine qua non* predicate for the principal relief it seeks on certiorari. The plain language of the Oklahoma Uniform Arbitration Act must control the resolution of the main issue tendered for certiorari review. Judicial review of an arbitral award tendered for confirmation is statutorily authorized only when the aggrieved party brings in the district court a compulso-

---

6. The nisi prius postjudgment order indicates that at the hearing on the counsel-fee quest the trial judge considered the "statements" and time records of the contractor's counsel as well as its applications and the expenses incurred. The trial judge determined that the amount of counsel fee requested by the contractor ($10,545) was reasonable.

7. *Payne v. DeWitt*, 1999 OK 93, ¶18, 995 P.2d 1088, 1096; *State ex rel. Burk v. City of Oklahoma City*, 1979 OK 115, ¶20, 598 P.2d 659, 663; *Oliver's Sports Center, Inc. v. Nat'l Standard Ins. Co.*, 1980 OK 120, ¶8, 615 P.2d 291, 295. A counsel-fee hearing upon defendant's default is to be treated as akin to that which is required for a default judgment's entry in an action for recovery of damages (12 O.S.2001 § 688). The provisions of § 688 call for an evidentiary hearing on the quantum to be awarded against the defaulting litigant. *Payne, supra,* at ¶12, at 1194–1195.

For the adequacy of advance notice sufficient as a legal prerequisite for securing a default judgment's entry, see *Horowitz v. Alliance Home Health, Inc.*, 2001 OK 45, ¶10, 32 P.3d 825, 828.

8. *Payne, supra* note at 7, at ¶18, at 1096; *State ex rel. Burk, supra* note 7 at ¶22, at 663. *Burk* requires lawyers "to present to the trial court detailed time records showing the work performed and *offer evidence* as to the reasonable value for the services performed for different types of legal work." *Id* at ¶20, at 663 (emphasis added).

9. Allowing the Tribe to wage a postremand contest **over the legal underpinnings of the district court's fee assessment,** as the court does today, would inevitably lead to undermining the arbitration award's contract-based attorney's-fee component and thus sanction an attack on the latter award without a timely counterclaim.

ry counterclaim (to the confirmation quest), pleading that the arbitrator's decision be vacated, modified or corrected. The confirmation defendant's timely counterclaim is an indispensable prerequisite for invoking judicial power to grant relief from an arbitration decision. *By its failure to bring a timely district-court counterclaim, the Tribe lost its opportunity to mount an attack on any terms of the arbitration award.*

¶ 11 I would *affirm* the confirmation judgment (as well as the counsel-fee component of that adjudication) and *reverse* the district court's postjudgment counsel-fee award (entered upon the Tribe's default) for failure to conduct an evidentiary hearing; I would remand the cause *solely* for re-examination of the quantum to be awarded against the Tribe as the reasonable value of the contractor's legal services necessary to secure the arbitration award's confirmation.