**FILED**
**MARCH 12, 2020**
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Detention of | ) | |
| | ) | No. 36153-5-III |
| DONALD CURBOW, | ) | |
| | ) | |
| Appellant. | ) | UNPUBLISHED OPINION |

KORSMO, J. — Donald Curbow appeals from a jury verdict finding him to be a sexually violent predator (SVP), arguing that his evidence was more persuasive than that offered against him. Since the jury is the sole determiner of credibility and persuasiveness, we affirm.

FACTS

The State petitioned to have Mr. Curbow committed as a sexually violent predator in 2016. His prior criminal history included two 1995 convictions for attempted sexual abuse in Multnomah County, Oregon, and 1999 Spokane County convictions for first degree child rape and first degree child molestation. The SVP petition proceeded to jury trial in the Spokane County Superior Court.

The State presented testimony from clinical psychologist Harry Hoberman who had evaluated Mr. Curbow in 2013, 2016, and 2018. Dr. Hoberman diagnosed Curbow with pedophilic disorder, hebephilic disorder, antisocial personality disorder, and narcissistic personality disorder. He concluded, based on the evaluations, risk assessment

instruments, and diagnoses, that Curbow was more likely than not to commit sexual offenses in the future.

Clinical psychologist Christopher Fisher testified for Mr. Curbow. He also diagnosed him with pedophilic disorder, but concluded that he was not likely to commit sexual offenses in the future. Curbow argued to the jury that Dr. Hoberman's assessment tools were flawed and that Curbow's age made him unlikely to reoffend.

The jury nonetheless concluded that Curbow was an SVP. He timely appealed to this court. A panel considered his appeal without holding argument.

ANALYSIS

This appeal presents the single issue of whether the State presented sufficient evidence to support the SVP finding. It did.

RCW 71.09.060 authorizes the civil commitment of those persons meeting the statutory definition of "sexually violent predator." An SVP is

> any person who has been convicted of or charged with a crime of sexual violence and who suffers from a mental abnormality or personality disorder which makes the person likely to engage in predatory acts of sexual violence if not confined in a secure facility.

RCW 71.09.020(18).

Because the statute requires proof beyond a reasonable doubt, challenges to the sufficiency of the evidence in SVP determinations are evaluated using the same criteria courts use for criminal convictions. *In re Det. of Thorell*, 149 Wn.2d 724, 744, 72 P.3d

708 (2003). In a sufficiency challenge, the evidence is viewed in the light most favorable to the State, with all reasonable inferences drawn in favor of the State and interpreted most strongly against the respondent. *In re Det. of Audett*, 158 Wn.2d 712, 727, 147 P.3d 982 (2006). A commitment will be upheld only if any rational trier of fact could have found the essential elements beyond a reasonable doubt. *Id*. at 727-728. Clinical and actuarial assessments of future dangerousness are admissible in SVP commitment hearings. *Thorell*, 149 Wn.2d at 756. Circumstantial evidence and direct evidence carry equal weight. *State v. Goodman*, 150 Wn.2d 774, 781, 83 P.3d 410 (2004). Credibility determinations are for the trier of fact and are not subject to review. *State v. Camarillo*, 115 Wn.2d 60, 71, 794 P.2d 850 (1990).

Mr. Curbow's appeal runs head on into the last-noted principle. He argues that the evidence that he is too old to be likely to reoffend was more persuasive than that offered by the State, thus leaving the "likely to reoffend" element unproved. Specifically, he argues that newer assessment tools call into question the continuing vitality of the tools used by the State, even though they have previously been approved by our Supreme Court.[1] The existence of a controversy, if in fact one exists, does not invalidate the accepted risk assessment tools relied on by the State's expert.

---

[1] "The central issue, in this case, is whether the actuarial and testimonial evidence was sufficient when its validity and usefulness has been questioned by researchers and experts who evaluate individuals for civil commitment under RCW 71.09." Br. of Appellant at 22.

Rather, these were arguments for the jury to consider and weigh. For purposes of our review, the question was whether there was evidence that permitted the jury to reach the conclusion that it did. *Audett*, 158 Wn.2d at 727-728. Viewing the evidence in a light most favorable to the State, as we must, establishes that the State met its burden. The prior offenses were established, and both experts agreed that Mr. Curbow was a pedophile. The remaining question, the likelihood of reoffense, was established by Dr. Hoberman's testimony. The jury was free to disregard that testimony or accept it. It accepted the evidence, as was its right. *Camarillo*, 115 Wn.2d at 71.

The judgment is affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Korsmo, J.

WE CONCUR:

Fearing, J.

Pennell, A.C.J.

4