2001 OK 56

**Linda D. CLARK, Plaintiff–Appellant,**

v.

**BOARD OF EDUCATION OF INDEPENDENT SCHOOL DISTRICT NO. 89 OF OKLAHOMA COUNTY, Oklahoma, Defendant–Appellee.**

No. 92,128.

Supreme Court of Oklahoma.

July 3, 2001.

Rehearing Denied Sept. 13, 2001.

Linda D. Clark, Oklahoma City, OK, pro se.

Timothy M. Melton, The Center For Education Law, Inc., Oklahoma City, OK, for Appellee.

OPALA, J.

¶ 1 The dispositive issue on certiorari is whether the plaintiff-teacher is constitutionally entitled to reversal of an adverse trial court judgment. Although by an on-the-record quest for relief she had timely challenged

the neutrality of the judge assigned to her cause, she failed to secure a ruling on her quest for his disqualification. We declare the trial judge's failure to rule on the challenge to his fitness as reversible error and answer the question in the affirmative.

## I

### THE ANATOMY OF LITIGATION

¶ 2 The services of Linda D. Clark [Clark], a tenured teacher, were terminated by the Independent School District No. 89 of Oklahoma County [District] at its 30 March 1998 meeting. She challenged her termination by trial *de novo* in the district court.[1] Before the case came on for trial, Clark became an uncounseled litigant when her lawyer withdrew from the case.[2] She represented herself both at the pretrial and trial stages.

¶ 3 At a 21 July 1998 hearing on Clark's petition for trial *de novo* the district court continued the trial to August 12. On July 28 Clark *filed* in the case two documents by which she sought disqualification of Daniel L. Owens, the judge assigned to her case. One of these papers, addressed to the assigned judge, asked that he recuse because of comments he had made in court during the July 21 hearing.[3] The second document, by which the same relief was sought, was addressed to Chief Judge Niles Jackson, whose name was marked out. Written above it appears the name of Daniel Owens. The text of the

second paper contains several adverse comments Judge Owens had allegedly made during the July 21 hearing.[4] On 17 September 1998 Clark filed another request to disqualify the assigned judge. **The record contains no disposition either of Clark's July 28 or of September 17 quests to secure the assigned judge's recusal.**

¶ 4 After a trial *de novo* on 21 September 1998, the nisi prius court affirmed the District's termination of Clark's employment by judgment entered 29 September 1998. The Court of Civil Appeals [COCA] affirmed. Certiorari stands granted on Clark's petition.

## II

### THE COCA OPINION OVERLOOKS AND IGNORES THE TEACHER'S CONSTITUTIONAL RIGHT TO A NEUTRAL AND DETACHED TRIBUNAL BY FAILING TO GIVE DUE DEFERENCE TO THE TEACHER'S LAW–PROTECTED OPPORTUNITY TO SECURE A RULING UPON HER CHALLENGE

■ ¶ 5 Clark complains on certiorari that she was subjected to a trial before a judge whose neutrality she challenged below and who gave her no ruling on the quest for his recusal.[5] COCA addressed the issue by (a) *acknowledging* that the record contains no ruling on her July 28 and September 17 disqualification quests, (b) *determining* that

---

1. 70 O.S.1991 § 6–101.27. Clark's petition pressed for a new trial before the District, counsel fees and costs.

2. The legal license of Clark's lawyer, who had brought this district court appeal by trial *de novo*, was suspended. She then proceeded in the case as an uncounseled party.

3. Clark's 28 July 1998 document states in pertinent part:
    Please withdraw from my case. You have already prejudiced yourself against me by the comments and the rulings you made in court on Tuesday, July 21, 1998. I do not feel that I can get a fair and impartial trial under your jurisdiction.
    The comments you made about me were shocking, hurtful, and very upsetting to say the least. You passed judgment without hearing a shred of evidence from me.
    I have been trying to notify the Court of the events that were taking place since June 27, 1998; this information is all in the court files.

I called from the hospital as a precautionary measure.
    Again, please withdraw from my case. I want a fair day in court.

4. The record contains no transcript of that proceeding.

5. In her petition in error Clark describes the nature of the case as follows:
    Review of the trial court's decision to terminate a career teacher *without a fair and impartial trial* and *Judge Daniel Owen's refusal to disqualify himself after prejudicial remarks were made in court.*
    (emphasis added).
    In the summary portion of the petition in error Clark states: "I asked Judge Daniel Owen to disqualify himself in August after he made remarks that prejudiced him against my case." In her petition for certiorari and brief Clark reasserts her position that Judge Owens ruled in her case "with prejudice, bias, and without hear-

the September 21 judgment for the District *implicitly* denied the recusal quests and (c) *stating* that the teacher failed to follow Rule 15 [6] disqualification procedures by her failure to present the recusal quest to the chief judge in the county and by filing it less than 10 days before the trial date.[7] COCA concluded and pronounced there were neither allegations nor a showing (in the trial court or on appeal) that the alleged assigned judge's bias was of a degree sufficient to disqualify him. COCA ruled the trial judge did not abuse his discretion in failing to recuse himself.

¶ 6 A fundamental requirement of due process is a fair and impartial trial.[8] A neutral and detached judiciary is imperative to ensure procedural fairness to individual litigants [9] and to preserve public confidence in the integrity of the judicial process.[10] Every litigant is entitled to nothing less than the cold neutrality of an impartial judge.[11]

¶ 7 *A challenge to an assigned judge for want of impartiality presents an issue of constitutional dimension which must be resolved and the ruling memorialized of record*[12] *after a meaningful evidentiary hearing. The quest for recusal may not be ignored, nor is a judge free to proceed with the case until the challenge stands overruled of record following a judicial inquiry into the issue. Want of a record ruling upon this critical issue subjects the moving party to a trial before a judge whose challenged impartiality goes untested. The challenger is hence entitled to a new trial before a judge who is unchallenged or found not to be disqualified.*

---

ing all the evidence." She seeks reversal of that decision and retrial of her case because there were "serious infringements" on her "rights to a fair and impartial trial."

6. For the text of District Court Rule 15, see *infra* note 15.

7. *See* Part III *infra* for a discussion of Rule 15's three-step disqualification process and COCA's misapplication of that rule.

8. In *Tumey v. Ohio*, 273 U.S. 510, 512, 47 S.Ct. 437, 71 L.Ed. 749 (1927), the first major U.S. Supreme Court case linking due process with judicial impartiality, Chief Justice Taft held that a "trial before a tribunal financially interested in the result of its decision constitutes a denial of due process of law." *Bracy v. Gramley*, 520 U.S. 899, 905, 117 S.Ct. 1793, 138 L.Ed.2d 97 (1997) (the Due Process Clause requires a "fair trial in a fair tribunal" before a judge who has no "actual bias" against the accused) (citations omitted) (internal quotations omitted); *Liljeberg v. Health Services Acquisition Corporation*, 486 U.S. 847, 864–70, 108 S.Ct. 2194, 2205–07, 100 L.Ed.2d 855 (1988); *Aetna Life Ins. Co. v. Lavoie*, 475 U.S. 813, 827–28, 106 S.Ct. 1580, 1588–89, 89 L.Ed.2d 823 (1986) (the Due Process Clause is violated where a judge acts as a judge in his own case or where he reaps a tangible financial benefit by deciding the case in a certain way); *Mayberry v. Pennsylvania*, 400 U.S. 455, 465–66, 91 S.Ct. 499, 504–505, 27 L.Ed.2d 532 (1971) (in vacating the contempt convictions and remanding the cause for a trial before a different judge, the Court said that a judge, "vilified as was this ... judge, necessarily becomes embroiled in a running bitter controversy" and "[n]o one so cruelly slandered is likely to maintain that calm detachment necessary for fair adjudication"); *In re Murchison*, 349 U.S. 133, 136, 75 S.Ct. 623, 625, 99 L.Ed. 942 (1955) (due process requires

that hearings take place before an impartial tribunal).

9. *Marshall v. Jerrico, Inc.*, 446 U.S. 238, 242, 100 S.Ct. 1610, 1613, 64 L.Ed.2d 182 (1980) (as matter of procedural fairness "[t]he Due Process Clause entitles a person to an impartial and disinterested tribunal in both civil and criminal cases"); *Ward v. Village of Monroeville*, 409 U.S. 57, 61–62, 93 S.Ct. 80, 84, 34 L.Ed.2d 267 (1972) (a "neutral and detached judge in the first instance" is a fundamental right guaranteed by the Due Process Clause).

10. *Liljeberg, supra* note 8, 486 U.S. at 861, 108 S.Ct. at 2205 (judges have an ongoing duty "to take steps necessary to maintain public confidence in the impartiality of the judiciary").

11. *Craig v. Walker*, 1992 OK 1, ¶ 5, 824 P.2d 1131, 1132; *Sadberry v. Wilson*, 1968 OK 61, ¶¶ 0, 15, 441 P.2d 381, 382, 384 syl. 1, 3 ("When circumstances and conditions surrounding litigation are of such nature that they might cast doubt and question as to the impartiality of any judgment the trial judge may pronounce, said judge should certify his disqualification."); *State v. Sullivan*, 1952 OK 290, ¶ 21, 248 P.2d 239, 244.

12. An "on-the-record" ruling is one that is apparent from an inspection of the trial court's judgment roll. An entry on the appearance docket would not be a matter of record. *Stork v. Stork*, 1995 OK 61, ¶ 2, 898 P.2d 732, 735, n. 3; *Elliott v. City of Guthrie*, 1986 OK 59, ¶ 11, 725 P.2d 861, 863. A transcript of evidentiary proceedings in the district court forms no part of the judgment and would not be a matter of record. *Salyer v. Nat'l. Trailer Convoy, Inc.*, 1986 OK 70, ¶ 2, 727 P.2d 1361, 1362 n. 3.

■ ¶8 By her July 28 recusal quest, Clark asserted that the assigned judge's partiality denied her a fair and impartial tribunal. Clark's constitutional challenge afforded her the right to a hearing on the issue she raised and a judicial resolution memorialized of record. The trial judge's failure to rule upon her quest to disqualify him deprived her of a fundamental right guaranteed by the Due Process Clauses of the Fifth and Fourteenth Amendments [13] as well as by Art. 2 § 7 of the Oklahoma Constitution.[14] *We will not presume from a silent record that the trial judge gave Clark the constitutionally mandated orderly hearing to which she was entitled and then declined to recuse himself.*

### III

### THE ASSIGNED JUDGE'S FAILURE TO RULE ON THE TEACHER'S RECUSAL QUEST NOT ONLY DENIED HER A VALUABLE CONSTITUTIONAL RIGHT BUT ALSO EFFECTIVELY CLOSED HER DOOR TO TRIGGERING FURTHER RELIEF QUEST UNDER THE RULE–PRESCRIBED RECUSAL PROCEDURES

■ ¶9 District Court Rule 15,[15] which governs disqualification of trial court judges,

provides a **three-step process** for challenging the assigned judge's neutrality and detachment. (1) A party must *first* informally ask the trial judge *in camera* to recuse from the case or to transfer it to another judge. (2) When met with an unsatisfactory response, the requesting party must then *formally request* (not less than 10 days before the case is set for trial) that the trial judge recuse or transfer the cause. (3) If the trial judge refuses to recuse, the party may then re-present the earlier formal request to the chief judge of the county where the case is pending. If the latter hearing should also result in an adverse order, the aggrieved litigant may then seek relief by mandamus in this court.

■ ¶10 The July 28 documents filed of record below constitute Clark's *formal* plea to recuse Judge Owens.[16] Her quest was pressed more than ten days before the scheduled August 12 trial date. We assume, absent any contrary indication in the record, that by filing these documents of record, Clark's earlier *informal* attempt to recuse

---

13. *Liljeberg, supra* note 8, 486 U.S. at 864–70, 108 S.Ct. at 2205–07; *Lavoie, supra* note 8, 475 U.S. at 827–28, 106 S.Ct. at 1588–89.

14. The terms of Art. 2, § 7, Okl. Const., are:

No person shall be deprived of life, liberty, or property, without due process of law.

15. The terms of Rule 15 (Disqualification of Judges in Civil and Criminal Cases), Rules for District Courts of Oklahoma, 12 O.S.1991, Ch. 2, App., provide in pertinent part:

a. Before filing any motion to disqualify a judge, *an in camera request* shall first be made to the judge to disqualify or to transfer the cause to another judge. If such request is not satisfactorily resolved, not less than ten (10) days before the case is set for trial a *motion to disqualify* a judge or *to transfer* a cause to another judge may be filed and a copy delivered to the judge.

b. Any interested party who deems himself aggrieved by the refusal of a judge to grant a motion to disqualify or transfer a cause to another judge may *re-present his motion to the Chief Judge* of the county in which the cause is

pending or, if the disqualification of a Chief Judge is sought, to the Presiding Judge of the administrative district by filing in the case within five (5) days from the date of said refusal a written request for re-hearing. A copy of the request shall be mailed or delivered to the Chief Judge or Presiding Judge, to the adverse party and to the judge who entered the original order. If the hearing before the second judge results in an order adverse to the movant, he shall be granted not more than five (5) days to institute *a proceeding in the Supreme Court* or the Court of Criminal Appeals *for a writ of mandamus....*
(emphasis added).

16. The July 28 documents tendered in the district court that request the trial judge's recusal were not titled as "motion to disqualify." The meaning of a court-filed paper will not be assessed by its title but by its text. The meaning and effect of an instrument filed in court depends on its *content* and *substance* rather than on form or title given it by the author. *Horizons, Inc. v. KEO Leasing Co.*, 1984 OK 24, ¶4, 681 P.2d 757, 759; *Amarex, Inc. v. Baker*, 1982 OK 155, ¶18, 655 P.2d 1040, 1043.

him met with a negative response.[17] It is the memorialized negative response to Clark's *formal* recusal quest that was necessary to trigger the third stage of the Rule 15 procedure.

¶ 11 By failing to rule on Clark's formal quest for his recusal, Judge Owens impermissibly barred her from all further access to the relief afforded by the Rule 15 procedure. He hence impaired and effectively frustrated her efforts to secure the fundamental right to an impartial tribunal. Without his critical on-the-record ruling, she could *neither* proceed to the third and final Rule 15 stage of the nisi prius disqualification process (and re-present her recusal quest to the chief judge) *nor* seek relief in this court in a proceeding for a writ of mandamus.

## IV

## SUMMARY

¶ 12 The teacher was entitled to a hearing and a ruling on her constitutional challenge to the assigned judge's neutrality. Want of an on-the-record ruling upon this critical issue of fundamental-law dimension subjected her to a trial before a tribunal whose detachment stood challenged and clouded but judicially untested. She is hence entitled to another trial.

¶ 13 We accordingly grant certiorari upon the teacher's petition, vacate the opinion of the Court of Civil Appeals, reverse the trial court's judgment and remand the cause for a new trial either before a judge who is unchallenged or before one found not to be disqualified.

¶ 14 **ALL JUSTICES CONCUR.**

---

17. This court will not assume from a silent record that a recusal-seeking litigant would perform a vain or useless act by attempting to trigger the second step of the Rule 15 disqualification process without completing the first step—an *informal* request to the assigned judge. *See in this*

connection *Globe Life & Acc. v. Okl. Tax Comm'n*, 1996 OK 39, ¶ 15, 913 P.2d 1322, 1327; *Rodgers v. Higgins*, 1993 OK 45, ¶ 19, 871 P.2d 398, 409; *Strelecki v. Okl. Tax Com'n*, 1993 OK 122, ¶ 20, 872 P.2d 910, 920.