2005 OK CIV APP 102

**Charles Cordell DAY, Plaintiff/Appellant,**

v.

**Twyla SNIDER and Corrections Corporation of America, Inc., Defendants/Appellees.**

**No. 101,374.**

Court of Civil Appeals of Oklahoma, Division No. 3.

Aug. 19, 2005.

Rehearing Denied Oct. 21, 2005.

Charles Cordell Day, Hominy, OK, Pro Se.

Darrell Moore, Juliz Neftzger, Pryor, OK, for Appellees.

Opinion by LARRY JOPLIN, Presiding Judge.

¶ 1 Plaintiff/Appellant Charles Cordell Day (Plaintiff) seeks review of the trial court's order granting the Motion for Summary Judgment filed by Defendants/Appellees Twyla Snider, Individually and as Warden of Cimarron Correctional Facility (Warden), and Corrections Corporation of America, Inc., (Corrections Corporation or, collectively, Defendants). Plaintiff contends the trial court erred in granting summary judgment to Defendants because Plaintiff had exhausted all "available" administrative remedies, because Plaintiff's Motion for Disqualification was pending, and because the trial court failed to give Plaintiff the opportunity to be heard. Upon consideration of the record, we affirm the trial court's order granting Defendants' motion for summary judgment.

¶ 2 From May 1997 through July 1998, Plaintiff was incarcerated in the Cimarron Correctional Facility operated by Corrections Corporation, a private entity under contract with the Oklahoma Department of Corrections (ODOC). In June 1997, Plaintiff had medical problems that resulted in Health Services Unit nurses issuing two memos recommending Plaintiff be segregated from smokers.

¶ 3 Plaintiff filed a Request to Staff and a Grievance seeking his placement in a non-smoking living area and other remedies. In October 1997, Defendants informed Plaintiff that there were not enough non-smoking inmates to have a non-smoking "POD" and, in July 1998, transferred Plaintiff to another facility. Plaintiff did not request ODOC review of Defendants' denial of his Grievance.

¶ 4 This court employs a *de novo* standard on review of orders granting or denying motions for summary judgment. "In such a *de novo* review the appellate court engages in a plenary, independent and non-deferential re-examination of the trial court's ruling." *Head v. McCracken,* 2004 OK 84, ¶ 3, 102 P.3d 670, 674 (Emphasis original.)

¶ 5 The trial court granted summary judgment in favor of Defendants, in part, based upon the exhaustion of remedies doctrine. The exhaustion of remedies doctrine is one of

"orderly procedure" designed to allow administrative bodies to complete internal review processes prior to court interference:

> Exhaustion of administrative remedies is generally a prerequisite for resort to the courts. (Citation omitted.) It is also understood that exhaustion of administrative remedies is a simple rule of orderly procedure and is designed to allow administrative bodies to perform their statutory functions free from premature and unnecessary interference by preliminary court litigation.

*Arbuckle Abstract Co. v. Scott,* 1998 OK 125, ¶ 15, 975 P.2d 879, 886. As to prisoners, the exhaustion of administrative remedies doctrine is codified in two manners. One statute places an affirmative duty on prisoners to exhaust available administrative remedies prior to initiating district court actions. The other statute precludes courts from entertaining reviews of grievances unless and until the prisoner has exhausted all ODOC administrative remedies. The first provides:

> An inmate in the custody of the Department of Corrections shall exhaust all available administrative remedies prior to initiating an action in district court against the Department.

57 O.S.2001 § 564. And, the second provides:

> No court of the State of Oklahoma shall entertain a grievance, petition, or complaint of a prisoner unless and until the prisoner has exhausted all the remedies as provided in the grievance procedure of the Director of the Department of Corrections. . . .

57 O.S. Supp.2004 § 566.3(G)(1)(2).

¶ 6 Defendants' grievance procedure for its Cimarron Correctional Facility inmates, styled CCA/CCF OP 14–5, involves a three step process: (1) submitting a Request to Staff, (2) filing a formal grievance, and (3) appeal to the facility administration. If the inmate still has a grievance regarding case management by the facility, then Defendants' policy directs the inmate to file a grievance with ODOC on form "OP 090124."

¶ 7 ODOC's grievance process is consistent with that of Defendants in that it requires the inmate to first complete the grievance process within the facility in which the incident occurred. After doing so, if the inmate believes the facility did not properly resolve the grievance, the inmate may appeal to ODOC's Administrative Review Authority. It is only after ODOC's review, that the prisoner's administrative remedies are concluded:

> The ruling of the administrative review authority . . . will be final and will conclude the administrative remedy available to the inmate/offender within the jurisdiction of the Oklahoma Department of Corrections and the inmate/offender will have satisfied the exhaustion of administrative remedies required by 57 O.S. § 564.

OP–090124, VIII(D).

¶ 8 "The exhaustion doctrine . . . does not require merely initiation of prescribed administrative remedies, but that such remedies be pursued to their final outcome before judicial intervention is sought." *Arbuckle Abstract Co.,* ¶ 16 at 887. Failure to exhaust administrative remedies "raises a remedial barrier to judicial relief. . . ." *State ex rel. Dept. of Transp. v. Little,* 2004 OK 74, ¶ 16, 100 P.3d 707, 715, n. 26. "Where an aggrieved party brings a lawsuit when adequate administrative relief is available, the action is to be viewed as fraught with a fatal remedial impediment that bars judicial relief . . . without first exhausting administrative remedies, we would agree that judicial relief stands barred." *State ex rel. Dept. of Transp. v. Little,* ¶ 16 at 715.

¶ 9 In the present case, it is undisputed that Plaintiff failed to obtain a review by ODOC of Defendants' resolution of his grievance. In failing to pursue his grievance to final conclusion, Plaintiff abandoned his administrative remedies. *See* 57 O.S. Supp. 2004 § 566.3(G)(3).

¶ 10 While a court may dismiss a suit brought by an inmate prior to exhaustion of administrative remedies,[1] Plaintiff contends he should be exempt from dismissal because Defendants failed to inform him of ODOC's

1. 57 O.S.2001 § 566(A)(1).

grievance process and thus it was not "available" to him. The materials before the court, however, reveal otherwise. Defendants' grievance procedures refer inmates to the ODOC grievance form to use if the inmate wishes to file a grievance with ODOC regarding Defendants' case management and thus ODOC's grievance review process was made "available" to Plaintiff.

¶ 11 Nonetheless, Plaintiff failed to pursue his grievance to ODOC after not obtaining a satisfactory resolution within the facility. Under the facts presented, the trial court properly applied the exhaustion of administrative remedies doctrine to preclude Plaintiff from pursuing a district court action.

■■■ ¶ 12 Even absent the preclusion of his claim based upon the exhaustion of remedies doctrine, Plaintiff did not establish a right to pursue an Eighth Amendment claim for exposure to second-hand smoke upon the merits. *Helling v. McKinney*, 509 U.S. 25, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993). In order to prevail on such a claim, an inmate must establish that exposure to second-hand smoke violated contemporary standards of decency. *Helling*, 509 U.S. at 35, 113 S.Ct. at 2482.[2]

¶ 13 The undisputed evidence was that Defendants complied with the American Corrections Association (ACA) contemporary standards pertaining to air quantity, quality and ventilation at the time in issue. The trial court found that Plaintiff failed to establish exposure to unreasonably high levels of smoke while confined. The trial court's order of judgment for Defendants based upon a lack of substantial controversy as to any material fact on the merits is supported by the record.

■■ ¶ 14 Plaintiff also complains the trial court erred in ruling on Defendants' motion for summary judgment without first ruling on Plaintiff's motion for disqualification.[3] The *"quest for recusal may not be ignored,*

nor is a judge free to proceed with the case until the challenge stands overruled of record following a judicial inquiry into the issue."* *Clark v. Board of Education of Independent School Dist. No. 89*, 2001 OK 56, ¶ 7, 32 P.3d 851, 854 (Emphasis original.) Ordinarily, a trial court should rule on the pending motion for disqualification prior to ruling on a motion for summary judgment, however, failing to so rule may or may not require reversal. *Pierce v. Pierce*, 2001 OK 97, ¶ 20 & 23, 39 P.3d 791, 799, 800.

■ ¶ 15 The basis for Plaintiff's motion for disqualification is a memo that describes the trial judge as "an extremely strong supporter of [a] program" at Defendants' correctional facility. However, there is a presumption that a judge is not biased, mandating a party moving to disqualify a judge to "point to some fact to substantiate a claim that the . . . judge's impartiality might reasonably be questioned." *Pierce*, ¶ 19 at 799 (Emphasis added.) The scant record provided by Plaintiff does not reasonably substantiate the motion for disqualification nor reasonably bring into question the judge's presumed impartiality. Thus, based upon the record provided by Plaintiff, error in failing to rule on Plaintiff's Motion for Disqualification is not reversible error. *See Thompson v. Thompson*, 2005 OK CIV APP 2, ¶ 22, 105 P.3d 346, 353.

■■ ¶ 16 Further, disqualification of a judge may be waived under some circumstances. *See Pierce*, ¶ 11, n. 5, ¶ 23 at 796, 800. In the present case, there is an unexplained delay in filing the motion of almost 1½ years from the date of the memo. The motion was also filed after Plaintiff lost one summary judgment motion to other defendants and was facing a ruling on another motion for summary judgment. Such circumstances support a conclusion that Plaintiff waived pursuit of the underlying basis for his motion by not acting in a timely and reasonable manner.[4]

---

2. ODOC represents that it implemented a non-smoking policy in 2000, applicable to Defendants, that reflected the contemporary standards at that time.

3. Generally an *in camera* request to recuse is to precede a motion for disqualification but factual circumstances may legally excuse compliance

with that requirement. Rule 15, Rules for the District Courts of Oklahoma; *See Pierce v. Pierce*, 2001 OK 97, ¶ 11, 39 P.3d 791, 796.

4. See *United States v. Hines*, 696 F.2d 722, 728 n. 8 (10th Cir.1982); *Franks v. Nimmo*, 796 F.2d 1230, 1234 (10th Cir.1986); *Singer v. Wadman*, 745 F.2d 606, 608 (10th Cir.1984). "... [F]eder-

¶ 17 Plaintiff contends he was denied a hearing on Defendants' motion for summary judgment and/or not given notice of an intent to rule. Rule 4(h) of the Rules for District Courts of Oklahoma, permits a court to decide a motion "without a hearing, and where this is done, the court shall notify the parties of its ruling by mail." Because the trial court had the authority to rule without a hearing and without giving notice of intent to rule, Plaintiff's allegation of error in this regard lacks merit. *See* Rules for the Dist. Ct. of Okla., Rule 4(h).

¶ 18 Finally, we address Plaintiff's motions filed in the Supreme Court during the pendency of this appeal. Plaintiff filed: (1) a Motion to Stay Proceedings Pending Discovery and (2) a Motion to Stay Proceeding Indefinitely and Motion for Appointment of Counsel. In light of this opinion, we deny Plaintiff's motion to stay these proceedings to pursue further discovery. We further deny Plaintiff's motion for appointment of counsel because the record reveals that Plaintiff has been afforded meaningful and adequate access to the courts in order to pursue this civil action. *See Harmon v. Harmon,* 1997 OK 91, ¶ 10, 943 P.2d 599, 603, 604; *Webb v. Maynard,* 1995 OK 125, 907 P.2d 1055, 1060 ¶ 18 (no clear legal right to the appointment of appellate counsel in a civil proceeding where there has been access to the courts by constitutionally adequate means afforded); *Gaines v. Maynard,* 1991 OK 27, 808 P.2d 672.

¶ 19 The trial court's granting of Defendants' motion for summary judgment is in accord with the law and supported by uncontradicted evidence. The trial court's order is AFFIRMED. Plaintiff's Motions to Stay and for Appointment of Counsel are DENIED.

HANSEN, J., and BUETTNER, C.J., concur.

al court decisions may be examined for persuasive value when they construe federal evidence rules with language substantially similar to that in our evidence statutes." *Christian v. Gray,* 2003 OK 10, ¶ 6, 65 P.3d 591, 597.