FRAZIER v. BRUCE



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:FRAZIER v. BRUCE

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 FRAZIER v. BRUCE
2021 OK 14
484 P.3d 285
Case Number: 119251
Decided: 03/29/2021
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2021 OK 14, 484 P.3d 285

 
 

MIA FRAZIER, Petitioner,
v.
THE HONORABLE TAMMY BRUCE, THE HONORABLE WILLIAM MUSSEMAN, District Court for the Fourteenth Judicial District, Respondents,
and
TRAVIS BENAVIDEZ, Real Party in Interest.

ORDER

¶1 Petitioner Mia Frazier sought to disqualify Tulsa County District Court Judge Tammy Bruce after Judge Bruce granted a continuance to a hearing on Ms. Frazier's motion to enforce visitation. Ms. Frazier's motion to enforce visitation almost immediately followed Real Party in Interest Travis Benavidez's motion to suspend visitation--which raised serious allegations about Ms. Frazier's behavior with the child. Two days before the hearing, which the district court timely set for Ms. Frazier's motion to enforce visitation, Mr. Benavidez requested a continuance, alleging that Ms. Frazier refused to cooperate with the guardian ad litem for an interview about Mr. Benavidez's allegations. The district court granted Mr. Benavidez's request for a continuance, setting the hearing outside of the 21-day deadline of 43 O.S. Supp. 2014, § 111.3(B), but inside § 111.3(F)'s 45-day decision deadline. Well before the date of the reset hearing, Ms. Frazier sought Judge Bruce's disqualification under Rule 15 of the Rules for District Courts of Oklahoma, arguing the continuance was unauthorized by law and established the appearance of impropriety.

¶2 Ms. Frazier's basis for the disqualification was completely insufficient. A mere mistake in a court's legal ruling is not grounds for disqualification. Oklahoma Co. v. O'Neil, 1968 OK 63, ¶ 46, 440 P.2d 978, 989. A filing seeking to invoke this Court's original jurisdiction to disqualify a judge where the sole basis for disqualification has been routinely rejected by this Court amounts to a frivolous filing. Okla. Supreme Court Rules 1.191(j), 12 O.S. Supp. 2013, app. 1. Additionally, the Court will not ignore the behavior of the parties in the proceedings that led to a party invoking Rule 15 and seeking the judge's disqualification. Nor will it ignore a party's prior sanctioned-conduct in the underlying litigation.

¶3 The Court also notes that instead of seeking to file an application to assume original jurisdiction and a petition for a writ of mandamus to direct Judge Bruce to hold the hearing, Ms. Frazier instead invoked Rule 15, bringing all proceedings to a halt. Clark v. Board of Education of Ind. Sch. Dist. No. 89, 2001 OK 56, ¶ 7, 32 P.3d 851, 855. Ms. Frazier's pursuit of disqualification only further delayed the hearing on her motion to enforce visitation as all district court proceedings were halted until the Rule 15 process ended. Had Ms. Frazier sought to require Judge Bruce to hold a hearing, she could have sought a writ of mandamus to direct Judge Bruce to hold the hearing on her motion to enforce visitation within 21 days of filing the motion per 43 O.S., § 111.3(B). Instead she abandoned her quest for a hearing, and sought a frivolous judicial disqualification. Ms. Frazier's decision to pursue disqualification also shows an intention to disrupt or delay lower court proceedings instead of timely resolving her motion to enforce visitation.

¶4 As Ms. Frazier's filing was both frivolous and filed to delay or disrupt proceedings, Real Party in Interest Travis Benavidez's Motion for Attorney Fees is granted. Okla. Supreme Court Rule 1.191(j),12 O.S. Supp. 2013, app.1. The Tulsa County District Court is authorized to hold an evidentiary hearing to determine a reasonable attorney fee to award to Real Party in Interest Travis Benavidez as a sanction against Petitioner Mia Frazier.

DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 29th DAY OF MARCH, 2021.

/S/CHIEF JUSTICE

CONCUR: Darby, C.J., Kane, V.C.J., Winchester, Edmondson, and Combs, JJ.

CONCUR IN RESULT: Gurich, J.

DISSENT: Kauger and Rowe, JJ.

 






 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Supreme Court Cases
 Cite
Name
Level

 2001 OK 56, 32 P.3d 851, 72 OBJ 1953, CLARK v. BOARD OF EDUCATION OF IND. SCH. DIST. NO. 89
Discussed
 1968 OK 63, 440 P.2d 978, OKLAHOMA COMPANY v. O'NEIL
Discussed
Title 43. Marriage
 Cite
Name
Level

 43 O.S. 111.3, Duty to Facilitate Visitation Rights of Noncustodial Parent - Motion for Enforcement - Order
Discussed


 
 








 
 
 
 

 
 




 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA