FRAZIER v. BRUCE

Skip to Main Content
Accessibility Statement

Help
Contact Us

e-payments
Careers

Home
Courts
Decisions
Programs
News
Legal Research
Court Records
Quick Links

OSCN Found Document:FRAZIER v. BRUCE

Previous Case

Top Of Index

This Point in Index

Citationize

Next Case

Print Only

FRAZIER v. BRUCE2021 OK 14Case Number: 119251Decided: 03/29/2021THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2021 OK 14, __ P.3d __

NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL.

 

MIA FRAZIER, Petitioner,
v.
THE HONORABLE TAMMY BRUCE, THE HONORABLE WILLIAM MUSSEMAN, District Court for the Fourteenth Judicial District, Respondents,
and
TRAVIS BENAVIDEZ, Real Party in Interest.

ORDER

¶1 Petitioner Mia Frazier sought to disqualify Tulsa County District Court Judge Tammy Bruce after Judge Bruce granted a continuance to a hearing on Ms. Frazier's motion to enforce visitation. Ms. Frazier's motion to enforce visitation almost immediately followed Real Party in Interest Travis Benavidez's motion to suspend visitation--which raised serious allegations about Ms. Frazier's behavior with the child. Two days before the hearing, which the district court timely set for Ms. Frazier's motion to enforce visitation, Mr. Benavidez requested a continuance, alleging that Ms. Frazier refused to cooperate with the guardian ad litem for an interview about Mr. Benavidez's allegations. The district court granted Mr. Benavidez's request for a continuance, setting the hearing outside of the 21-day deadline of 43 O.S. Supp. 2014, § 111.3(B), but inside § 111.3(F)'s 45-day decision deadline. Well before the date of the reset hearing, Ms. Frazier sought Judge Bruce's disqualification under Rule 15 of the Rules for District Courts of Oklahoma, arguing the continuance was unauthorized by law and established the appearance of impropriety.

¶2 Ms. Frazier's basis for the disqualification was completely insufficient. A mere mistake in a court's legal ruling is not grounds for disqualification. Oklahoma Co. v. O'Neil, 1968 OK 63, ¶ 46, 440 P.2d 978, 989. A filing seeking to invoke this Court's original jurisdiction to disqualify a judge where the sole basis for disqualification has been routinely rejected by this Court amounts to a frivolous filing. Okla. Supreme Court Rules 1.191(j), 12 O.S. Supp. 2013, app. 1. Additionally, the Court will not ignore the behavior of the parties in the proceedings that led to a party invoking Rule 15 and seeking the judge's disqualification. Nor will it ignore a party's prior sanctioned-conduct in the underlying litigation.

¶3 The Court also notes that instead of seeking to file an application to assume original jurisdiction and a petition for a writ of mandamus to direct Judge Bruce to hold the hearing, Ms. Frazier instead invoked Rule 15, bringing all proceedings to a halt. Clark v. Board of Education of Ind. Sch. Dist. No. 89, 2001 OK 56, ¶ 7, 32 P.3d 851, 855. Ms. Frazier's pursuit of disqualification only further delayed the hearing on her motion to enforce visitation as all district court proceedings were halted until the Rule 15 process ended. Had Ms. Frazier sought to require Judge Bruce to hold a hearing, she could have sought a writ of mandamus to direct Judge Bruce to hold the hearing on her motion to enforce visitation within 21 days of filing the motion per 43 O.S., § 111.3(B). Instead she abandoned her quest for a hearing, and sought a frivolous judicial disqualification. Ms. Frazier's decision to pursue disqualification also shows an intention to disrupt or delay lower court proceedings instead of timely resolving her motion to enforce visitation.

¶4 As Ms. Frazier's filing was both frivolous and filed to delay or disrupt proceedings, Real Party in Interest Travis Benavidez's Motion for Attorney Fees is granted. Okla. Supreme Court Rule 1.191(j),12 O.S. Supp. 2013, app.1. The Tulsa County District Court is authorized to hold an evidentiary hearing to determine a reasonable attorney fee to award to Real Party in Interest Travis Benavidez as a sanction against Petitioner Mia Frazier.

DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 29th DAY OF MARCH, 2021.

/S/CHIEF JUSTICE

CONCUR: Darby, C.J., Kane, V.C.J., Winchester, Edmondson, and Combs, JJ.

CONCUR IN RESULT: Gurich, J.

DISSENT: Kauger and Rowe, JJ.

 

Citationizer© Summary of Documents Citing This Document

Cite
Name
Level

None Found.

Citationizer: Table of Authority

Cite
Name
Level

Oklahoma Supreme Court Cases
 CiteNameLevel

 2001 OK 56, 32 P.3d 851, 72 OBJ 1953, CLARK v. BOARD OF EDUCATION OF IND. SCH. DIST. NO. 89Discussed
 1968 OK 63, 440 P.2d 978, OKLAHOMA COMPANY v. O'NEILDiscussed
Title 43. Marriage
 CiteNameLevel

 43 O.S. 111.3, Duty to Facilitate Visitation Rights of Noncustodial Parent - Motion for Enforcement - OrderDiscussed

oscn

EMAIL: webmaster@oscn.net
Oklahoma Judicial Center
2100 N Lincoln Blvd.
Oklahoma City, OK 73105

courts

Supreme Court of Oklahoma
Court of Criminal Appeals
Court of Civil Appeals
District Courts

decisions

New Decisions
Supreme Court of Oklahoma
Court of Criminal Appeals
Court of Civil Appeals

programs

The Sovereignty Symposium

Alternative Dispute Resolution
Early Settlement Mediation
Children's Court Improvement Program (CIP)
Judicial Nominating Commission
Certified Courtroom Interpreters
Certified Shorthand Reporters
Accessibility ADA

Contact Us
Careers
Accessibility ADA