Anna Mae LEWIS, Appellant,

v.

**PHILLIPS PETROLEUM COMPANY, a Delaware Corporation, Appellee.**

No. 49018.

Court of Appeals of Oklahoma, Division 2.

Jan. 4, 1977.

Released for Publication by Order of Court of Appeals Jan. 27, 1977.

Randle L. Graham, Oklahoma City, for appellant.

Lloyd G. Minter, C. J. Roberts, Bartlesville, Edward J. Fauss, Galen E. Ward, Oklahoma City, for appellee.

BRIGHTMIRE, Presiding Judge.

The trial court's rush to judgment—and a resulting ex parte summary adjudication—are assailed by plaintiff below in seeking reversal of an order denying plaintiff's motion to vacate the terminal decision.

I

Anna Mae Lewis filed suit against Phillips Petroleum Company, June 18, 1974, asking for damages for injuries allegedly caused by Phillips' negligence. The injuries

occurred when plaintiff—in April 1973 while visiting her daughter's home in southeast Oklahoma City—fell after tripping over an 18-inch piece of heavy cable protruding from the anchored end of an oil well stabilizing guywire located on the daughter's property. "I hung my foot on it and down I went," said plaintiff at deposition.

Defendant answered by general denial and set up defenses of contributory negligence[1] and assumption of risk.

Plaintiff's testimony given at a deposition taken January 15, 1975, essentially supported the allegations in her petition. On June 26, 1975, defendant submitted "Request for Admissions of Truth of Facts" pursuant to 12 O.S.1971 § 504. Among the facts set out, plaintiff was asked to admit that: (1) she knew of the cable's existence prior to the accident; (2) the cable was open and clearly visible in daylight; (3) plaintiff had faulty vision and difficulty in walking due to a pre-existing arthritic condition; (4) she had on several occasions walked through her daughter's side yard past the cable; and, (5) plaintiff's own negligence caused her injury. Plaintiff did not object to or deny the truth of the admissions requested, so that, as the record presently stands under 12 O.S.1971 § 504, she is deemed to have admitted them.

August 18, 1975, defendant filed a motion for summary judgment, contending that upon the basis of the pleadings, admissions and plaintiff's deposition, "there is no substantial controversy as to facts material to plaintiff's cause of action . . . ." Four days later, on August 22, in the absence of plaintiff, the requested judgment was granted defendant.

A few days later plaintiff discovered the judgment and on September 2, 1975, moved to set it aside because: (1) plaintiff's attorney received no notice of summary judgment hearing until August 26; (2) defendant failed to provide plaintiff with copy of its brief in support of motion for summary judgment, or an opportunity to answer it; (3) defendant filed no supporting affidavit with its motion as required by District Court Rule 13, 12 O.S.1971, Ch. 2 App.; (4) defendant having pled an affirmative defense is not entitled to summary judgment; and (5) material issues exist between the parties.

At the hearing on plaintiff's motion to vacate September 26, 1975, defendant's attorney said he mailed a copy of the summary judgment motion to plaintiff by certified mail. Plaintiff's attorney explained, however, that he had been out of town "to take care of an Indian case I was representing" in Washington, D.C., at the time the motion was filed and did not return to Oklahoma City until August 27 and it was not until the following day, August 28, that he received by certified mail, both a copy of the motion and a copy of the order granting summary judgment.

In his original order granting summary judgment, the trial judge made no finding or basis for granting the motion other than "that the Summary Judgment should be granted." At the September 26 hearing, however, he gave these reasons for summarily adjudicating the cause when he did:

"What you [plaintiff's attorney] stated and what Mr. Proctor [defendant's attorney] stated, you have been somewhat on the slow side of this thing all the way along and I felt like that . . . I gave you an opportunity now—and that was the reason—the fact it was presented to the Court and that Rule 13 had been followed and therefore the Summary of [sic] Judgment was granted.

"The fact you [plaintiff's attorney] were out of town and the fact you didn't have the opportunity, maybe, to receive it, that doesn't mean this other side should be penalized either, so that's the reason Summary Judgment was granted.

"At that time I think the Court had jurisdiction and I think at that time it had the

---

1. Of course in 1973 comparative negligence statutorily replaced contributory negligence as a defense. 23 O.S.1974 Supp. § 12.

discretion to grant the Summary of [sic] Judgment."

And with that the court overruled plaintiff's motion to vacate. From this order plaintiff appeals.

## II

The fundamental issue raised here is whether plaintiff received adequate notice of the hearing—an issue which is governed by statute. Rule 13, of course, specifies that:

"Notice shall be given to the adverse parties of the filing of a motion for judgment under this rule."

While the rule does not, however, prescribe how long the notice must be nor the manner of its giving, general statutes do. Title 12 O.S.1971 § 1112 provides that:

"Where notice of a motion is required, it must be in writing, and shall state the names of the parties to the action or proceeding in which it is made, the name of the court or judge before whom it is to be made, the place where and the day on which it will be heard, the nature and terms of the order or orders to be applied for; and if affidavits are to be used on the hearing, the notice shall state that fact, and *it shall be served a reasonable time before the hearing.*" (emphasis added)

And 12 O.S.1971 § 1113 states:

"Service of notice.—Notices of motions, mentioned in this article, may be served by a sheriff, coroner or constable, the party or his attorney, or by any other person, and the return of any such officer or affidavit of such person shall be proof of service; the service shall be on the party, or his attorney of record, and in case there is more than one party adverse to such motion, service shall be made on each party or his attorney."

Title 12 O.S.1971 § 1114 prescribes the manner of service:

"Manner of service—Fees of officers.— The service of a notice shall be made in the manner required by law for the service of a summons; and when served by an officer, he shall be entitled to like fees."

And this finally takes us to the statute governing service of summons, 12 O.S.1974 Supp. § 153.1(b), which reads in pertinent part:

"(b) If the summons is to be served by mail, the clerk shall enclose the summons and a copy of the petition and/or order of the court to be served in an envelope addressed to the defendant, or to the resident service agent if one has been appointed, prepay the postage and mail said envelope to said defendant, or service agent, *by certified mail with a request for a return receipt from addressee only.* The clerk shall endorse on a copy of said summons and/or order of the court which is filed in the action the date that the summons and petition and/or order was mailed to the defendant, or service agent, *and the day when service by mail was receipted, and he shall attach to said copy of the summons and/or order the receipt for the certified letter and the return card, and no other return shall be necessary.* Where there is more than one defendant, a copy of the summons, with a copy of the petition attached and/or order shall be mailed in a separate envelope to each defendant." (emphasis added)

This statute requires, it can be seen, that to perfect service by certified mail a receipt signed by the addressee must be returned to sender and filed in the case—and until this is done adequate service by mail has not been accomplished. *Snyder v. Southwestern Bell Telephone Co.,* Okl., 548 P.2d 218 (1976).

## III

Turning now to plaintiff's first contention—that the summary judgment hearing notice was defective because her attorney did not receive it in time to defend against the judgment's entry—we conclude it has merit for several reasons. The entrance of a judgment only four days after filing a motion for it is an unreasonable

rush to judgment,[2] particularly when notice of hearing was attempted by mail. Moreover, there inheres in the factual situation here an even more serious defect—an entire absence of notice.

It requires no great intellect to grasp the idea that a summary adjudication deprives one party of a day in court. Consequently the party moved against should not only be given actual notice but an ample opportunity to do what he can to protect his rights including the filing of affidavits and other resorts mentioned in Rule 13. Summary judgment is not to be used as a device by the trial judge to expedite caseload reduction. We agree with plaintiff that if the type of "notice" given in this case were to be held adequate "the Court could effectively clear its docket during Bar Association Meetings and long holidays."

Here a receipt was not tendered to nor signed by the addressee of the written notice in question, and absent such a receipt the trial court was wholly without authority to enter the ex parte judgment.[3]

## IV

In view of our disposition of the notice issue it is not necessary to comment on plaintiff's remaining propositions otherwise challenging the propriety of granting defendant a pretrial judgment except to say that from our examination of the record there appear to be material questions of fact a jury should resolve.

The order appealed is reversed and the summary judgment vacated.

BACON, J., concurs.

---

2. By comparison, the rule relating to default judgments requires at least a five-day notice to the defaulting party. Dist. Ct. Rule 10, 12 O.S.1974 Supp., Ch. 2 App.

3. Parenthetically we can mention also that the "notice" did not specify when, where and before whom defendant's motion was to be heard as required by 12 O.S 1971 § 1112.