The **EQUITABLE LIFE ASSURANCE SOCIETY OF the UNITED STATES, Plaintiff,**

**v.**

**Patsy L. LANE, Appellant,**

**and**

**First National Bank and Trust Company of Ponca City, Appellee,**

**and**

**Jack Lane; Gladys B. Lane; Luella Backhaus, County Treasurer of Kay County, Oklahoma; Board of County Commissioners of Kay County, Oklahoma; James Grace; Security Bank & Trust Company of Ponca City, Oklahoma; H. Thomas Leonard, Executory of the Estate of Melburn L. Leche, Defendants,**

**and**

**Thelma Lane and Paula Johnson Personal Representative of the Estate of Ruth W. Leche, Third–Party/Defendants.**

**No. 70919.**

Court of Appeals of Oklahoma, Division No. 3.

May 29, 1990.

Robert P. Kelly, Kelly & Gambill, Pawhuska, for appellant.

David S. Cummings, Armstrong, Burns & Baumekt, Ponca City, for appellee.

## MEMORANDUM OPINION

ADAMS, Judge:

The question presented for review is whether the trial court erred in not vacating a summary judgment granted to First National Bank and Trust Company of Ponca City (Bank), when the Appellant, Patsy Lane (Lane) received notice of that request and the evidentiary materials supporting it only two days before.

The following facts are not in dispute. Equitable holds the mortgage on a 140 acre tract of land located in Kay County with an outstanding balance of less than $40,-000.00. Bank owns a mortgage on 139 acres of that tract with a balance owing in excess of two million dollars. Lane is the record owner of the one acre covered by Equitable's mortgage and not covered by Bank's mortgage. Lane is not liable on either note, both of which are in default.

Equitable filed a petition to foreclose its mortgage naming Lane, Bank, and others as defendants. Bank filed a cross-petition, naming Equitable, Lane, and others as defendants, in which it sought foreclosure on its mortgage, and an order of the court requiring Equitable to marshall assets. Bank admitted that Equitable's lien was superior, but alleged that Equitable could satisfy its lien by the separate sale of the one acre tract not covered by Bank's mortgage. Lane answered Bank's cross-petition alleging the separate sale of the one acre tract would benefit Bank only at her expense, and she contended that marshalling of assets was inappropriate if it cannot be done "without injustice to other persons".

On December 11, 1987, Equitable filed its Motion for Summary Judgment, attaching evidentiary materials to establish that the note which its mortgage secured was in default and asking for judgment on the note and an order of foreclosure. Equitable's motion did not address, either in argument or by evidentiary material, the question of marshalling of assets or Bank's cross-petition. Lane did not dispute Equitable's right to foreclose and filed no response to Equitable's motion. After receiving an extension of time, Bank responded to Equitable's motion on January 11, 1988. Bank submitted evidentiary materials it contended justified summary judgment for Bank on its cross-petition on the marshalling of assets' question and the foreclosure of its mortgage. Lane's counsel received a copy of the response two days later.

At a hearing on January 15, 1988, the trial court granted summary judgment to Equitable on its petition and to Bank on its cross-petition, including an order requiring the separate sale of the one acre tract. Lane's counsel did not appear for that hearing, believing only Equitable's request would be heard. On January 29, 1988, Lane filed her Motion to Vacate attacking only the order requiring marshalling of assets. She contended she had 15 days under Rule 13 to respond to the evidentiary materials and request for summary judgment filed by Bank on January 11, 1988. After hearing, the trial court denied the Motion to Vacate. Lane's appeal is from the order denying that motion.

At the outset we note that a motion to vacate is addressed to the legal discretion of the trial court, and its ruling will not be reversed absent an abuse of that discretion. *Tedford v. Divine*, 734 P.2d 283 (Okla.1987). The question presented here is one of law. Was Lane entitled to 15 days to respond to Bank's evidentiary materials and request for summary judgment? If the answer is yes, the trial court's decision is erroneous as a matter of law, and we may find an abuse of discretion. In answering this question, we must first look to the rule itself.

Rule 13(b) of the Rules for District Courts, 12 O.S.1989 Supp. Ch. 2 App. provides:

If the adverse party or parties wish to oppose the granting of motion, they shall serve on the moving party and file with the court clerk within fifteen days after service of the motion a concise written statement of the material facts· as to which he or they contend a genuine issue exists and the reasons for denying the motion. The adverse party shall attach to the statement affidavits and other materials containing facts that would be admissible in evidence, but the adverse party cannot rely upon the allegations or denials in his pleading.

The rule clearly intends that litigants have 15 days to respond with evidentiary material controverting that submitted supporting a request for summary judgment.

Prior to 1981, Rule 13 provided no specific response time, and trial courts were governed by what was reasonable. In *Lewis v. Phillips Petroleum, Company*, 559 P.2d 868 (Okla.App.1979), the trial court had granted summary judgment only four days after the filing of the motion. The Court of Appeals, Division II, noting that the granting of summary judgment deprived one party of a day in court held at page 871:

"... The party moved against should not only be given actual notice but an ample opportunity to do what he can to protect his rights including the filing of affidavits and other resorts mentioned in Rule 13."

■ Rule 13 allows parties who seek summary judgment to demonstrate by evidentiary materials that facts relating to all material issues are undisputed. Until such time as a party requesting summary judgment has filed evidentiary materials, there is nothing to which an opposing party may respond, no facts which an opposing party may show are controverted. Prior to January 11, 1988, Lane could not respond in good faith to the Motion for Summary Judgment because she did not dispute Equitable's entitlement to foreclose its mortgage. She had no duty to respond with evidentiary materials raising a question of fact with regard to marshalling of assets until Bank requested summary judgment on its cross-petition and supported that request with admissible evidence, *see Spirgis v. Circle K Stores, Inc.*, 743 P.2d 682 (Okla.App.1987). We believe she was entitled to 15 days from January 11, 1988 to respond to Bank's request for summary judgment and the evidentiary materials supporting that request.

Bank contends the trial court acted properly because its request for summary judgment was not a "Motion for Summary Judgment" but was a request for the trial court to act under Rule 13(e). Rule 13(e) simply allows the trial court, where appropriate, to grant summary judgment in favor of any party entitled under the evidentiary materials before the court, whether that party has moved for summary judgment or not. The rule does not speak to or control response times to new evidentiary materials filed subsequent to the original motion. Bank claims it was not a "moving party" under Rule 13(b), and Lane was not entitled to any additional time to respond to its filing. Bank's interpretation elevates form over substance. It is well established in Oklahoma that the meaning and effect of instruments filed in court depend not on the formal title given by the author but on their contends and substance. *Horizons, Inc. v. Keo Leasing Co.*, 681 P.2d 757 (Okla.1984).

Bank's first argument in its response to Equitable's motion states: "First National is entitled to Summary Judgment for Foreclosure Upon Its Mortgage and Determination of Priorities." Under that proposition, Bank asks for relief pursuant to 42 O.S. § 17, the marshalling of assets statute. When Bank requested summary judgment and supported that request with evidentiary materials which were not included in Equitable's original motion, it became a "moving party" as surely as if it had filed a separate pleading denominated Motion for Summary Judgment.[1]

---

**1.** Inasmuch as the facts do not present the question, we do not decide whether a similar request for summary judgment based upon evidentiary materials already submitted by the original moving party dictates additional time.

There is no rational reason to deprive a defendant to a cross-petition of response time under Rule 13(b) merely because the evidentiary materials which she is required to controvert are contained in a request for summary judgment under Rule 13(e). The trial court lacked authority to grant Bank's request for summary judgment as to marshalling of assets before Lane's time to respond to Bank's evidentiary materials expired, and abused its discretion in denying Lane's Motion to Vacate.

Insofar as this record indicates, the trial court never considered Lane's response to Bank's request for summary judgment together with the evidentiary materials which were included as part of her Motion to Vacate. Lane is entitled to due consideration of her response, and Bank is entitled to respond to the evidentiary material included in Lane's filing. Accordingly, we need not consider Lane's contention that her response and evidentiary materials create fact questions about Bank's entitlement to an order requiring marshalling of the assets. The trial court can only determine that issue after the parties have fully complied with Rule 13.

We REVERSE the order of the trial court refusing to vacate that portion of Bank's summary judgment directing separate sale of the one acre tract and REMAND with directions to vacate that portion of the summary judgment and conduct subsequent proceedings in accordance with the views expressed herein.

HANSEN, P.J., and BAILEY, J., concur.