The Honorable Bernest Cain, Jr. State Senator, District 46 State Capitol, Room 413-A Oklahoma City, Oklahoma 73105-4808
Dear Senator Cain:
This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following questions:
 1. Does the Durable Power of Attorney statute, 58 O.S. 2001, § 1072.1[58-1072.1](B)(1)(b), allow a principal to authorize the designated attorney-in-fact to make decisions regarding life-sustaining treatment, including but not limited to the withholding or withdrawal of artificially administered hydration and nutrition, on behalf of the principal if the instrument complies with the requirements for a health care proxy under the Oklahoma Advance Directive Act, formerly the Rights of the Terminally Ill or Persistently Unconscious Act, 63 O.S. 2001 Supp. 2005, §§ 3101.1-3102A (as amended by 2006 Okla. Sess. Laws ch. 171, §§ 3-15)[1] or Oklahoma's Do-Not-Resuscitate Act, 63 O.S. 2001, §§ 3131.1-3131.14[63-3131.1-3131.14]?
 2. If the answer to the first question is "yes," what are the requirements for appointment of a health care proxy to make decisions regarding life-sustaining treatment, including but not limited to the withholding or withdrawal of artificially administered hydration and nutrition, on behalf of the principal under the Oklahoma Advance Directive Act?
 3. Does the Durable Power of Attorney statute, 58 O.S. 2001, § 1072.1[58-1072.1](B)(1)(b), allow a principal to authorize the designated attorney-in-fact to make decisions regarding the withholding or withdrawal of artificially administered hydration and nutrition on behalf of the principal if the instrument complies with the requirements for a health care proxy under the Oklahoma Advance Directive Act, even if it is not witnessed by a notary public?
Oklahoma's statutes regarding a competent individual's right to appoint another to make health care decisions on his or her behalf if the individual later becomes incapacitated are fragmented and sometimes confusing. Oklahoma has four acts which address health care decisions made on behalf of an incapacitated individual. These acts are the Uniform Durable Power of Attorney Act (58 O.S. 2001, §§ 1071-1077[58-1071-1077]), Hydration and Nutrition for Incompetent Patients Act (63 O.S. 2001 Supp. 2006, §§ 3080.1-3080.5), Oklahoma Advance Directive Act (63 O.S. 2001 
Supp. 2006, §§ 3101-3102A), and Oklahoma Do-Not-Resuscitate Act (63 O.S. 2001, §§ 3131.1-3131.14[63-3131.1-3131.14]). For convenience the highlights of these four acts are set forth below:

 Name of Act Highlights of Act
 Hydration and Nutrition for Incompetent Establishes a presumption that every incompetent
 Patients Act patient has directed his or her health care
 (63 O.S. 2001 Supp. 2006, §§ 3080.1-3080.5) provider to provide him or her with hydration
 and nutrition to a degree that is sufficient to
 sustain life. The presumption is inapplicable if
 the patient, when competent, executed a valid
 advance directive specifically authorizing the
 withholding or withdrawal of artificially administered
 hydration and nutrition.
 Uniform Durable Power of Attorney Act Allows a principal to appoint an attorney-in-fact
 (58 O.S. 2001, §§ 1071-1077[58-1071-1077]) to make health care decisions on the princi-pal's
 behalf. Decision-making authority of the
 attorney-in-fact may include authority to make
 all health care decisions EXCLUDING life-sustaining
 treatment decisions UNLESS the
 appointment complies with the requirements
 for appointment of a health care proxy under
 the Oklahoma Advance Directive Act.
 Oklahoma Advance Directive Act Allows an individual to set forth his or her
 (63 O.S. 2001 Supp. 2006, §§ 3101-3102A) wishes for health care in advance of incapacity
 and further allows the individual to appoint a
 health care proxy[2] to make health care decisions
 on his or her behalf. Decision-making authority
 of the health care proxy may include authority
 to make all health care decisions, INCLUDING
 life-sustaining treatment decisions if so indicated
 in the advance directive appointing the
 proxy.
 Oklahoma Do-Not-Resuscitate Act Allows an attorney-in-fact for health care,
 (63 O.S. 2001, §§ 3131.1-3131.14[63-3131.1-3131.14]) health care proxy, or court-appointed guardian
 to consent to the withholding or withdrawal of
 cardiopulmonary resuscitation in the event of
 the principal's cardiac or respiratory arrest.

These four acts will be discussed in answering the questions presented.
 I. AN ATTORNEY-IN-FACT APPOINTED PURSUANT TO A DURABLE POWER OF ATTORNEY CAN MAKE LIFE-SUSTAINING TREATMENT DECISIONS, INCLUDING THE WITHHOLDING OR WITHDRAWAL OF ARTIFICIALLY ADMINISTERED HYDRATION AND NUTRITION, ON BEHALF OF HIS OR HER PRINCIPALONLY IF THE INSTRUMENT COMPLIES WITH THE REQUIREMENTS FOR APPOINTMENT OF A HEALTH CARE PROXY, AND THE INSTRUMENT SPECIFICALLY AUTHORIZES THE ATTORNEY-IN-FACT TO WITHHOLD OR WITHDRAW ARTIFICIALLY ADMINISTERED HYDRATION AND NUTRITION FROM HIS OR HER PRINCIPAL.
A durable power of attorney is:
 [A] power of attorney by which a principal designates another his attorney-in-fact in writing and the writing contains the words "This power of attorney shall not be affected by subsequent disability or incapacity of the principal, or lapse of time," or "This power of attorney shall become effective upon the disability or incapacity of the principal," or similar words showing the intent of the principal that the authority conferred shall be exercisable notwithstanding the principal's subsequent disability or incapacity. . . .
58 O.S. 2001, § 1072[58-1072].
Life-Sustaining Treatment Decisions
A durable power of attorney may grant complete or limited authority to make health care decisions on the principal's behalf, excluding:
 a. the execution, on behalf of the principal, of a Directive to Physicians, an Advance Directive for Health Care, Living Will, or other document purporting to authorize life-sustaining treatment decisions, and
 b. the making of life-sustaining treatment decisions unless the power complies with the requirements for a health care proxy under the Oklahoma Rights of the Terminally Ill or Persistently Unconscious Act[3] or the Oklahoma Do-Not-Resuscitate Act[.][4]
58 O.S. 2001, § 1072.1[58-1072.1](B)(1) (emphasis added) (footnotes added).
Consequently, pursuant to the express provisions of Section 1072.1(B)(1)(b), a durable power of attorney may authorize the attorney-in-fact to make life-sustaining treatment decisions for the principal if the power/instrument complies with therequirements for a health care proxy under the Oklahoma AdvanceDirective Act.
Artificially Administered Hydration and Nutrition Decisions
You first ask not only about an attorney-in-fact making life-sustaining treatment decisions but also about an attorney-in-fact's authority to make decisions regarding the withholding or withdrawal of artificially administered hydration and nutrition. Oklahoma's Hydration and Nutrition for Incompetent Patients Act presumes "every incompetent patient has directed his [or her] health care providers to provide him [or her] with hydration and nutrition to a degree that is sufficient to sustain life." 63 O.S. 2001, § 3080.3[63-3080.3]. However, the presumption does not apply if "[a]n advance directive[5] for health care has been executed pursuant to the Oklahoma Advance Directive Actspecifically authorizing the withholding or withdrawal of nutrition and/or hydration[.]" 63 O.S. Supp. 2006, § 3080.4[63-3080.4](A)(5) (emphasis added) (footnote added).
Requirements for Appointment of A Health Care Proxy
Although the Advance Directive Act does not clearly set forth the requirements for appointment of a health care proxy in an advance directive, the requirements can be ascertained by reviewing Section 3101.4 of the Act. In Section 3101.4 the declarant's appointment authorizing his or her health care proxy to make life-sustaining treatment decisions must: (i) be in writing; (ii) be dated and signed by an individual 18 years old or older before two witnesses who are also 18 years old or older and who are not legatees, devisees or heirs at law of the declarant;[6] and (iii) include language specifically authorizing the health care proxy to make life-sustaining treatment decisions on behalf of the declarant.
The Advance Directive Act sets forth an additional requirement for appointing a health care proxy to consent to the withholding or withdrawal of artificially administered hydration and nutrition if the statutory advance directive form set forth in 63 O.S. Supp. 2006, § 3101.4[63-3101.4] is not used.
 B. An advance directive that is not in the form set forth in subsection C of this section and that is executed in Oklahoma shall not be deemed to authorize the withholding or withdrawal of artificially administered nutrition and/or hydration unless it specifically authorizes the withholding or withdrawal of artificially administered nutrition and/or hydration in the declarant's own words or by a separate section, separate paragraph, or other separate subdivision that deals only with nutrition and/or hydration and which section, paragraph, or other subdivision is separately initialed, separately signed, or otherwise separately marked by the declarant.
Id.[7]
Presumably a durable power of attorney would not be in the statutory advance directive form set forth in the Advance Directive Act. Consequently, if a principal wants to authorize his or her attorney-in-fact to make life-sustaining treatment decisions on his or her behalf, including the withholding or withdrawal of artificially administered hydration and nutrition, a durable power of attorney appointing an attorney-in-fact must: (i) be in writing; (ii) be dated and signed by an individual 18 years old or older before two witnesses who are also 18 years old or older and who are not legatees, devisees or heirs at law of the principal; (iii) contain language specifically authorizing the attorney-in-fact to make life-sustaining treatment decisions; and (iv) contain language specifically authorizing the attorney-in-fact to consent to the withholding or withdrawal of artificially administered hydration and nutrition which is in the principal's own words or in a separate section, separate paragraph or other separate subdivision that deals only with nutrition and/or hydration and which section, paragraph or other subdivision is separately initialed, separately signed or otherwise separately marked by the principal. 63 O.S. Supp. 2006, § 3101.4[63-3101.4].
 II. OKLAHOMA'S ADVANCE DIRECTIVEACTALLOWS A PRINCIPAL TO AUTHORIZE AN ATTORNEY-IN-FACT TO CONSENT TO THE WITHHOLDING OR WITHDRAWAL OF ARTIFICIALLY ADMINISTERED HYDRATION AND NUTRITION ON HIS OR HER BEHALF, EVEN IF THE INSTRUMENT IS NOT WITNESSED BY A NOTARY PUBLIC BUT COMPLIES WITH THE REQUIREMENTS FOR APPOINTMENT OF A HEALTH CARE PROXY UNDER OKLAHOMA'S ADVANCEDIRECTIVEACT.
You last ask if a durable power of attorney that has not been notarized but complies with the requirements for appointment of a health care proxy under Oklahoma's Advance Directive Act would allow the attorney-in-fact to consent to the withholding or withdrawal of artificially administered hydration and nutrition on behalf of the principal. In answering your final question it is not necessary to determine whether a durable power of attorney is valid as a durable power of attorney if it has not been notarized. As long as the instrument complies with the requirements for appointment of a health care proxy under Oklahoma's Advance Directive Act, the instrument should be enforced as a valid appointment of a health care proxy.
There are two differences between the execution requirements for the appointment of a health care proxy in an advance directive and the requirements for the appointment of an attorney-in-fact in a durable power of attorney. First, who can serve as a witness for a durable power of attorney is different from who can serve as a witness for an advance directive for health care. The Uniform Durable Power of Attorney Act provides that witnesses to a principal's execution of a durable power of attorney shall not be related to either the principal or the attorney-in-fact by blood or marriage. 58 O.S. 2001, § 1072.2[58-1072.2](A)(2)(b), (c). Oklahoma's Advance Directive Act provides that witnesses to a declarant's execution of a health care proxy appointment shall not be a legatee, devisee or heir at law of the principal. 63 O.S. Supp. 2006, § 3101.4[63-3101.4](A). Second, the Durable Power of Attorney Act requires the principal and two witnesses to sign the power of attorney before a notary public. 58 O.S. 2001, § 1072.2[58-1072.2](A). However, Oklahoma's Advance Directive Act does not require the declarant and two witnesses to sign an advance directive before a notary public. 63 O.S. Supp. 2006, § 3101.4[63-3101.4](A).
Simply because a document may be entitled a Durable Power of Attorney instead of an Advance Directive for Heath Care or Health Care Proxy Appointment and refers to the principal's designee as an attorney-in-fact rather than a health care proxy, but nevertheless complies with the requirements for the appointment of a health care proxy under Oklahoma's Advance Directive Act, the principal's designee should not be deprived of consenting to the withholding or withdrawal of artificially administered hydration and nutrition on behalf of his or her principal. SeeEquitable Life Assurance Soc'y v. Lane, 793 P.2d 312, 314
(Okla.Ct.App. 1990) (holding that the meaning and effect of instruments does not depend on the formal title given by the author but on their contents and substance). To find otherwise would be an impermissible elevation of form over substance.United States v. DiFrancesco, 449 U.S. 117, 142 (1980) ("The exaltation of form over substance is to be avoided.").
If a principal specifically authorizes his or her attorney-in-fact to consent to the withholding or withdrawal of artificially administered hydration and nutrition in a durable power of attorney that is not notarized, but the power complies with the requirements for appointment of a health care proxy under Oklahoma's Advance Directive Act, the principal is authorized to consent to the withholding or withdrawal of artificially administered hydration and nutrition pursuant to the Advance Directive Act.
It is, therefore, the official Opinion of the Attorney Generalthat:
 1. Pursuant to the express provisions of the Uniform Durable Power of Attorney Act, specifically 58 O.S. 2001, § 1072.1[58-1072.1](B)(1)(b), a durable power of attorney may authorize an attorney-in-fact to make life-sustaining treatment decisions for the principal if the instrument complies with the requirements for appointment of a health care proxy under the Oklahoma Advance Directive Act, 63 O.S. 2001 Supp. 2006, §§ 3101-3102A, as set forth in the answer to your second question.
 2. For a health care proxy or attorney-in-fact to make life-sustaining treatment decisions on behalf of his or her principal, including the withholding or withdrawal of artificially administered hydration and nutrition, a health care proxy appointment or durable power of attorney must: (i) be in writing; (ii) be dated and signed by an individual 18 years old or older before two witnesses who are also 18 years old or older and who are not legatees, devisees, or heirs at law of the principal; (iii) contain language specifically authorizing the attorney-in-fact to make life-sustaining treatment decisions; and (iv) contain language specifically authorizing the attorney-in-fact to consent to the withholding or withdrawal of artificially administered hydration and nutrition that is in the principal's own words or in a separate section, separate paragraph or other separate subdivision that deals only with nutrition and/or hydration and which section, paragraph or other subdivision is separately initialed, separately signed or otherwise separately marked by the principal. 63 O.S. Supp. 2006, §§ 3080.4[63-3080.4], 3101.4.
 3. An attorney-in fact may consent to the withholding or withdrawal of artificially administered hydration and nutrition on his or her principal's behalf, even if the instrument is not witnessed by a notary public but complies with the requirements for appointment of a health care proxy under Oklahoma's Advance Directive Act, 63 O.S. Supp. 2006, §§ 3080.4[63-3080.4], 3101.4, as set forth in the answer to your second question.
 W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
 JANIS W. PRESLAR ASSISTANT ATTORNEY GENERAL
[1] See A.G. Opin. 06-32 (describing in detail the amendment) [hereinafter Oklahoma Advance Directive Act, 63 O.S. 2001 Supp. 2006, §§ 3101.1-3102A].
[2] "Health care proxy" is "an individual eighteen (18) years old or older appointed by the declarant as attorney-in-fact to make health care decisions including, but not limited to, the provision, withholding, or withdrawal of life-sustaining treatment if a qualified patient, in the opinion of the attending physician and another physician, is persistently unconscious, incompetent, or otherwise mentally or physically incapable of communication[.]" 63 O.S. Supp. 2006, § 3101.3[63-3101.3](6) (emphasis added). "Declarant" means "any individual who has issued an advance directive according to the procedure provided for in Section 3101.4 of [title 63.]" Id. § 3101.3(3) (emphasis added). "Qualified patient" means "a patient eighteen (18) years of age or older who has executed an advance directive and who has been determined to be incapable of making an informed decision regarding health care, including the provision, withholding, or withdrawal of life-sustaining treatment, by the attending physician and another physician who have examined the patient[.]" Id. § 3101.3(10) (emphasis added). "Advancedirective for health care" is "any writing executed in accordance with the requirements of Section 3101.4 of [the Advance Directive Act] and may include a living will, the appointment of a health care proxy, or both such living will and appointment of a [health care] proxy[.]" Id. § 3101.3(1) (emphasis added).
[3] The statute refers to the former name of the Oklahoma Advance Directive Act, the Oklahoma Rights of the Terminally Ill or Persistently Unconscious Act. See n. 1. The Legislature apparently overlooked the need to amend this statute in 2006 to reflect the name change to the Oklahoma Advance Directive Act.See In re. Whitesel, 763 P.2d 199, 203 (Wash. 1988) (holding the exemption applicable to Board of Prison Terms and Paroles from administrative procedures act should apply to Indeterminate Sentencing Review Board, the successor of the Board of Prison Terms and Paroles, as the Legislature "apparently overlooked" the need to change the name of the Board).
[4] Despite the implication in Section 1072.1(B)(1)(b), the Oklahoma Do-Not-Resuscitate Act does not set forth any "requirements for a health care proxy." See 63 O.S. 2001, §§ 3131.1-3131.14[63-3131.1-3131.14]. The Oklahoma Do-Not-Resuscitate Act simply provides that a health care proxy may sign a do-not-resuscitate consent form on behalf of his or her principal. 63 O.S. 2001, § 3131.5[63-3131.5](B).
[5] Although "advance directive" is not defined in the Hydration and Nutrition Act it likely holds the same meaning as the "advance directive for health care" defined in the Advance Directive Act, i.e., a writing executed "with the requirements of Section 3101.4 of [the Advance Directive Act] and may include a living will, the appointment of a health care proxy, or both." 63 O.S. Supp. 2006, § 3101.3[63-3101.3](1); see also 25 O.S. 2001, § 2[25-2] ("Whenever the meaning of a word or phrase is defined in any statute, such definition is applicable to the same word or phrase wherever it occurs, except where a contrary intention plainly appears."). The living will section of the advance directive form at Section 3101.4(C) of the Advance Directive Act allows a person to express his or her wishes concerning medical treatment. Id.
On the other hand, the health care proxy appointment section of the advance directive form allows the individual to designate another person to make medical treatment decisions on his or her behalf as allowed by law. Id.
[6] The terms "legatees, devisees, or heirs at law" have not been defined in the Advance Directive Act; therefore, their ordinary meanings must be applied. See 25 O.S. 2001, § 1[25-1]. "Legatee" is defined as "one to whom a legacy is bequeathed." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1290 (3d ed. 1993). "Legacy" is defined as "a gift by will esp[ecially] of money or other personal property[.]" Id. Legatee therefore means one to whom a gift of money or other personal property is bequeathed by will. "Devisee" is defined as "one to whom a devise of property is made." Id. at 619. A "devise" is "a will or clause of a will disposing of real property[.]" Id. at 619. Therefore, devisee means one to whom a disposition of real property is made by will. "Heirs at law" are those persons who inherit property by operation of law upon the death of the owner. In re Thompson'sEstate, 65 P.2d 442, 447 (Okla. 1937).
[7] The statutory advance directive form set forth at Section 3101.4 contains specific provisions authorizing the withholding or withdrawal of artificially administered hydration and nutrition that may be separately initialed.